764 A.2d 467 (2001)
336 N.J. Super. 205
STATE of New Jersey, Plaintiff-Respondent,
v.
Michael WRAY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 3, 2000.
Decided January 9, 2001.
Ivelisse Torres, Public Defender, attorney for appellant (Stephen W. Kirsch, Assistant Deputy Public Defender, of counsel and on the brief).
Ronald S. Fava, Passaic County Prosecutor, attorney for respondent (Jane E. Hendry, Senior Assistant Prosecutor, of counsel and on the brief).
Before Judges STERN, A.A. RODRÍGUEZ and FALL.
The opinion of the court was delivered by FALL, J.A.D.
The question of first impression posed by this appeal is whether the trial-bifurcation requirements outlined in State v. Ragland, 105 N.J. 189, 193-96, 519 A.2d 1361 (1986) of an indictment charging a defendant simultaneously with unlawful possession of a weapon, N.J.S.A. 2C:39-5b, and possession of a weapon by a convicted felon, N.J.S.A. 2C:39-7, still apply when the defendant has, during his jury trial on the unlawful weapon possession charge, elected to testify and has been questioned concerning his prior criminal record. Here, after defendant testified, the trial judge elected to "reconstitute the case" and submit both the unlawful possession of a weapon and the possession of a weapon by *468 a convicted felon charges simultaneously to the jury.
The sole purpose of the admission of defendant's prior criminal record was on the issue of his credibility. N.J.R.E. 609. "Recognizing that a jury might use a prior conviction as evidence of a defendant's criminal disposition and not as evidence probative of a defendant's credibility, ... trial courts must explain carefully to juries the limited purpose for which the prior-conviction evidence may be used." State v. Brunson, 132 N.J. 377, 390, 625 A.2d 1085 (1993).
We conclude that submission of both charges simultaneously to the jury, after defendant had testified and been examined concerning his prior criminal convictions, improperly expanded the purpose for admission of defendant's prior criminal record from that of "credibility," to consideration as "substantive proof" of an element of a criminal offense, and constitutes plain error. See R. 2:10-2. Accordingly, we reverse and remand for new, bifurcated trials.
Defendant, Michael Wray, was indicted and charged with third-degree unlawful possession of a weapon, contrary to N.J.S.A. 2C:39-5b (count one), and second-degree possession of a weapon by a convicted felon, contrary to N.J.S.A. 2C:39-7 (count two).
The charges against defendant arose from the November 10, 1997 motor vehicle stop of defendant by Passaic County Sheriff's Officer Rafael Galan, based on an expired inspection sticker. A computer check of the license plate did not match the description of the vehicle stopped and defendant was unable to produce any ownership documentation for the vehicle, stating the vehicle belonged to a friend. Additionally, Officer Galan effected an arrest of defendant after determining there was an outstanding traffic-fines arrest warrant for defendant. Galan testified that after the arrest defendant advised him there was a loaded handgun in the trunk belonging to a friend named "General." A search of the trunk revealed a .25 caliber handgun.
Prior to defendant testifying, the trial judge confirmed defendant's understanding that "if he does choose to testify the State can use those prior convictions to impeach his credibility[.]" Defendant testified he was in the business of simonizing and detailing cars in Orange "on Presidential Boulevard out of a garage." Defendant stated that on November 10, 1997 a person named "General" dropped-off the vehicle in question to the garage for detailing, telling defendant "to deliver the car to [97] North First Street[]" when completed. Defendant testified that after completing the job, he was on his way to deliver the vehicle to General when he was stopped by Officer Galan. When asked by Galan for the vehicle's registration, defendant stated he was unable to find any ownership papers for the vehicle in the glove compartment. Defendant denied telling Galan there was a weapon in the trunk. Defendant also stated his later attempts to locate "General" were unsuccessful. On the issue of credibility, defendant was questioned concerning his criminal record, admitting he was previously convicted of third-degree theft; two separate convictions of third-degree burglary; two separate convictions of third-degree possession of a controlled dangerous substance with intent to distribute in a school zone; fourth-degree criminal trespass; and fourth-degree receipt of stolen property.
The counts and charges in the indictment were initially bifurcated for separate trials before the same jury, as required by Ragland, supra, 105 N.J. at 193-96, 519 A.2d 1361.
After both parties rested, the trial judge, sua sponte, determined to simultaneously submit to the jury the charges against defendant contained in both counts stating, in pertinent part:
With respect to the 2C charges, I'm going to reconstitute the case, so to speak. The trial was originally bifurcated *469 because of the concern with respect to the defendant's right against self-incrimination and his prior conviction, especially for burglary.
But what has happened, Mr. Wray has elected to take the stand and that is now in the case. I believe that the better procedure at this juncture would be to reconstitute the case as opposed to keeping it on a bifurcated basis because I think the only effect could possibly be to confuse or mislead the jury and what I'm going to do here is I will tell the jury that there are two counts for them to consider and I did not mention that second count for legal reasons and as we discussed ... there's a stipulation with respect to the judgment of conviction which you'll the enter.
The defense interposed no objection to this procedure during trial.[1] Prior to summations, the trial judge advised the jury, as follows:
[B]efore the attorneys sum up, there will be two counts for your consideration in this case. As I originally said, you'll be considering the charge of unlawful possession of a weapon and you're also going to be considering a charge of possessing a weapon when prohibited to do so because of a prior conviction.
For legal reasons I did not mention that to you at the inception of the case, but you will be considering both those charges in your deliberations.
In charging the jury, the judge gave the following limiting instruction concerning the use of defendant's prior convictions:
You have heard evidence that the defendant has previously been convicted of criminal offenses. This evidence may only be used in determining the credibility or believability of the defendant's testimony. You may not conclude that the defendant committed the crime charged in this case simply because he committed a crime on another occasion.
A jury has a right to consider whether a person who has previously failed to comply with society's rules as demonstrated through a criminal conviction would be more likely to ignore the oath requiring truthfulness on the witness stand than a law-abiding citizen.
You may consider in determining this issue the nature and degree of the prior conviction and when it occurred.
Remember our law permits a conviction to be received in evidence only for the purpose of affecting the credibility of the defendant and for no other purpose.
You are not, however, obligated to change your opinion as to the credibility of the defendant simply because of a prior conviction. It is evidence you may consider along with all the other factors we previously discussed in determining credibility of defendant.
....
There are two offenses charged in the indictment and they are separate offenses by separate counts in the indictment. The defendant is entitled to have his guilt or innocence separately considered on each count by the evidence which is relevant and material to that particular charge based on the law as I will give it to you.
After charging the jury concerning the elements that the State must prove beyond a reasonable doubt on the unlawful possession charge contained in count one, the judge then instructed the jury concerning the elements that the State must prove beyond a reasonable doubt on the possession of a weapon by a convicted felon charge contained in count two, as follows:
Number one, the defendant is a person who has been convicted of the crime of burglary prior to November 10th, 1997.
Number two, Exhibit S-2 in evidence is a prohibited weapon.

*470 Number three, the defendant knowingly possessed it on November 10, 1997.
Conviction means a judgment of conviction entered by a court of competent jurisdiction whether in New Jersey or anywhere else.
The word handgun means any pistol, revolver or other firearm originally designed or manufactured to be fired by the use of a single hand.
I have already explained to you the legal meaning of the terms knowingly and possession so I will not repeat them.
In short, the three elements the State must prove beyond a reasonable doubt are first, the prior conviction; second, the prohibited weapon; and third, knowing possession.
If the State has failed to prove any element beyond a reasonable doubt, you must find the defendant not guilty.
The jury convicted defendant on both counts. Defendant moved for a new trial, contending the failure to bifurcate trial of the two counts and allowing the jury to deliberate on both charges at the same time constituted error. In denying defendant's motion, the trial judge stated, in pertinent part:
Now with respect to the prejudice to the defendant. [ State v. Ragland, 105 N.J. 189, 519 A.2d 1361 (1986)] requires a bifurcated trial because of the prejudice, being a defendant's prior felony conviction. That would be the prejudice....
[I]n fact, the trial originally started here with the concept that it would be bifurcated. During the course of the trial, Mr. Wray elected to take the stand. And during his testimony it was elicited that he had a prior conviction. That is the prejudice that Ragland wanted to guard against by requiring the bifurcation.
But here, since that was out, so-to-speak, to the jury, the jury was aware of his criminal record, where is there further prejudice?
....
As I said previously, this case originally was started with the concept of a bifurcation and Mr. Wray elected to take the stand. When he took the stand his criminal record was then exposed to the jury. And to me that eliminates the requirement of bifurcated trials, and at that point I think it was better to combine the case, to treat it as one case. I think it would be confusing to the jury if I continued the case on a bifurcated nature.
Then when we come around to the second trial, I think a jury could probably be confused as to why is this being done.
I don't see the prejudice to the defendant. I'm going to deny that application.
The State's motion for sentencing defendant to an extended term of imprisonment as a persistent offender pursuant to N.J.S.A. 2C:44-3, was denied. On sentencing, on the second-degree possession of a weapon by a convicted felon charge, the trial judge imposed a term of imprisonment of eight years. On the third-degree unlawful possession of a weapon conviction, defendant was sentenced to a concurrent four-year term. Applicable mandatory fines and penalties were also imposed.
On appeal, defendant presents the following arguments for our consideration:
POINT I
THE TRIAL JUDGE'S DECISION TO REFUSE TO BIFURCATE THE TRIAL OF THE CHARGE OF POSSESSION OF A WEAPON BY A PREVIOUSLY CONVICTED PERSON FROM THE OTHER COUNT IN THE CASE, WAS ERROR; ADDITIONALLY, THE DEFENDANT'S PRIOR CONVICTION SHOULD HAVE BEEN SANITIZED, WHETHER OR NOT THE TRIAL WAS BIFURCATED, BECAUSE, UNDER STATE v. ALVAREZ, 318 N.J.Super. 137, 723 A.2d 91 (App.Div.1999), DEFENDANT *471 HAD STIPULATED TO THE EXISTENCE OF THE PRIOR CONVICTION.
POINT II
THE JUDGE'S RESPONSE TO A JURY QUESTION ABOUT DEFENDANT'S ALIAS INCORRECTLY FAILED TO GIVE A CAUTIONARY INSTRUCTION ON THAT ALIAS. (Not Raised Below).
In addressing the unique problem presented when a defendant is charged with unlawful possession of a weapon and possession of a weapon by a convicted felon arising from the same incident, our Supreme Court has noted:
The two charges must be tried separately since proof that defendant was a convicted felon (required in the trial of the latter charge) clearly tends to prejudice the jury in considering the former. If defendant is convicted of unlawful possession of the weapon, the trial of the latter charge (possession by a convicted felon), unless most carefully handled, can amount to a prohibited directed verdict in a criminal case. This, because the jury has already found by its initial conviction that defendant possessed a weapon.
....
Absent careful instructions, the jury will have been told, in effect, that it need not find possession beyond a reasonable doubt because it already found it in the prior trial.
Such a case, where conviction of unlawful possession then followed, using the same jury, by a trial for possession by a convicted felon, is a charade in the absence of carefully limiting charges. Introduction of, or reference to, the same jury's unlawful possession conviction, leads to an almost guaranteed conviction of the crime of possession by a convicted felon. That such a conviction is clearly warranted is beside the point: the problem here is assuring that the defendant is given a fair trial.
The charges are severed for the protection of the defendant. Severance is customary and presumably automatic where it is requested because of the clear tendency of the proof of the felony conviction to prejudice trial of the separate charge of unlawful possession of a weapon.
....
It becomes essential, therefore, that the jury be instructed in no uncertain terms to consider anew the evidence previously admitted but to disregard completely its prior verdict. That there is a certain make-believe quality in such an instruction must be conceded since it is most unlikely that the jury will indeed forget its prior verdict. Nevertheless, the defendant is entitled to that instruction for on the" new" trial, the defendant is entitled to the presumption of innocence and, as a consequence of that, to an instruction that each and every material fact that makes up the crime, including obviously the fact of possession, must be proven by the State beyond a reasonable doubt.
[Ragland, supra, 105 N.J. at 193-95, 519 A.2d 1361; see also State v. Ingenito, 87 N.J. 204, 432 A.2d 912 (1981).]
We conclude it was error for the trial judge to "reconstitute the case" by submitting the possession of a weapon by a convicted felon charge to the jury once defendant had testified. The issue of "possession" of the weapon found in trunk of the vehicle operated by defendant was contested. Through his testimony, defendant presented the jury with a version of the incident which, if accepted, established he did not "knowingly" possess the weapon. This version was contrary to the testimony of Officer Galan that defendant informed him of the presence of the weapon in the trunk of the vehicle. Prior to testifying, defendant was properly informed that if he elected to testify the prosecutor "will have an opportunity to bring out your [prior] convictions ... to impeach your credibility." *472 Having testified, defendant was entitled to a careful limiting instruction that those prior convictions could only be considered by the jury on the limited question of the credibility of defendant's version. Brunson, supra, at 390, 625 A.2d 1085. By merging the two charges, the trial judge expanded the purpose for admission of proof of his prior convictions from the "limited purpose" of "credibility" into the dual purpose of the "credibility" of defendant's version and that of "substance proof" of the element of the criminal offense of possession of a weapon by a convicted felon.
When defendant decided to testify, he was aware the two charges were severed and admission of his prior convictions was limited to the purpose of impeaching the credibility of his version of the incident. When the trial judge decided to submit both charges to the jury, the prior convictions improperly took on a different significance, focus and meaning in the proceedings and in the jury's deliberations.
The trial judge did instruct the jury that defendant's prior convictions were received "in evidence only for the purpose of affecting the credibility of the defendant and for no other purpose[,]" and that "defendant is entitled to have his guilt or innocence separately considered on each count[.]" However, when charging the jury concerning the elements the State was required to prove beyond a reasonable doubt on the possession of a weapon by a convicted felon charge, the judge permitted the proof received of defendant's prior burglary conviction on the issue of defendant's credibility to then be considered by the jury as substantive proof of an element of that offense. This instructed the jury to focus on the conviction well beyond the question of impeachment of defendant's credibility.
Since we have concluded that the failure to adhere to the bifurcation guidelines contained in Ragland requires reversal, we need not address defendant's remaining arguments.
Reversed and remanded for bifurcated trials.
NOTES
[1] In his motion for a new trial, defendant did assert that the failure to afford him bifurcated trials on the charges contained in the indictment was error and warranted a new trial.