826 A.2d 813 (2003)
362 N.J. Super. 62
STATE of New Jersey, Plaintiff-Respondent,
v.
Kevin BROWN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted May 21, 2003.
Decided July 8, 2003.
Yvonne Smith Segars, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, of counsel and on the brief).
Peter C. Harvey, Acting Attorney General, attorney for respondent (H. John Witman III, Deputy Attorney General, of counsel and on the brief).
Before Judges KESTIN, FALL and WEISSBARD.

*814 The opinion of the court was delivered by FALL, J.A.D.
This appeal addresses another issue arising from the Supreme Court's decision in State v. Ragland, 105 N.J. 189, 519 A.2d 1361 (1986) concerning a prosecution of the criminal offense of possession of a weapon by a convicted felon pursuant to N.J.S.A. 2C:39-7. We hold that where a defendant is indicted and charged with both a charge of unlawful possession of a weapon pursuant to N.J.S.A. 2C:39-5b, and a charge of possession of a weapon by a convicted felon pursuant to N.J.S.A. 2C:39-7, and the issue of "possession" is contested, if the State elects to administratively dismiss the unlawful possession charge to proceed solely on the possession by a convicted felon charge, the issue of "possession" must be tried first, absent any knowledge by the trier of fact of the defendant's prior conviction. This ruling is consistent with the fundamental underpinning of the Court's decision in Ragland that proof that a defendant is a convicted felon "clearly tends to prejudice the jury in considering" the issue of whether the defendant "possessed" the weapon. Id. at 193, 519 A.2d 1361.
Defendant Kevin E. Brown appeals from his conviction for possession of a weapon by a convicted felon and from the sentence imposed. Defendant was charged in Monmouth County Indictment Number XX-XX-XXXX with third-degree unlawful possession of a weapon, contrary to N.J.S.A. 2C:39-5b (count one), and second-degree possession of a weapon by a convicted felon, contrary to N.J.S.A. 2C:39-7b (count two).
The charges against defendant arose from an incident that occurred on Fourth Avenue in Asbury Park on August 28, 2000, at approximately 10:20 p.m. Sergeant Terrance Fellenz of the Asbury Park Police Department was the patrol supervisor for the four-to-midnight shift on that date. Fellenz responded in his patrol vehicle to assist an officer who had been dispatched to 304 Fourth Avenue. When he arrived at that location, Fellenz observed defendant, sitting astride a bicycle, speaking with two other men. Defendant matched the description of the person described by the dispatcher. Fellenz stopped, exited his vehicle, and approached the three men. After instructing defendant not to move away, defendant let the bicycle fall to the ground and started walking toward the entrance to the building at 304 Fourth Avenue.
As defendant walked toward the entrance, he reached under his sweatshirt, whereupon Fellenz drew his weapon and ordered defendant to put his hands up. As defendant reached two pillars that were located on either side of the entranceway, he extended his right arm away from his body, then turned around with his hands up. After defendant was secured, a search of his person disclosed no weapons. Two other officers who had arrived at the scene searched the area and found a 9-millimeter semi-automatic loaded handgun and holster in a grassy dirt area behind one of the pillars. Although Fellenz had not heard anything drop when defendant had extended his right arm, he believed defendant had possessed the weapon and discarded it prior to being searched. Some fingerprint impressions were on the handgun, but they lacked sufficient detail for comparison purposes. Defendant was charged with unlawful possession of the handgun and possession of a weapon by a convicted felon.
The matters came before the Law Division for trial on June 19, 2001. The State first advised the court it was aware that the charges in the indictment had to be severed for trial pursuant to Ragland, supra, *815 105 N.J. at 193-96, 519 A.2d 1361, but stated that it intended to try the possession of a weapon by a convicted felon charge against defendant in count two first because it was the more serious of the charges. The State contended it had the sole discretion to determine the order in which the matters were to be tried. Defendant objected. The trial judge rejected the State's contention, stating, in pertinent part:
I don't think that's an appropriate statement ... of the law. Firstly, ... the second count involves possession of a weapon by a convicted felon. Defendant evidently has been convicted of aggravated manslaughter. Now, that has a lot of splash with the jury. And no matter how many times you tell the jury that they may not consider that in terms of prejudicing the defendant and it cannot be used as an inference of guilt just because he has a prior record, although it's an element of the offense, the jury has to know it, it would appear to me that that's basically an attempt to bootstrap a more favorable jury on the issue of possession, which is the real key to the case.
So in terms of fairness, I do think it's the court's business. And the second reason is, as the prosecutor alluded to, if the second count's tried first, it's an automatic that a brand new jury is going to have to be sequestered and impaneled to try the first count again.
That involves judicial economy. That is the court's business in terms of the appropriate usage of the court's time, judicial economy, and I think that is my case. So I'm going to order that the State proceed on count one.
Thereafter, a jury was selected and impaneled, but not sworn. During the jury selection process, the prospective jurors were informed that defendant was charged with the unlawful possession of a weapon. After the jurors were excused for the day, the judge advised counsel that the State had shifted its position, stating, as follows:
The ruling with respect to the order of trial of the counts of the Indictment has been placed on the record. The prosecutor, as the jury was coming in and at my request in chambers, has now indicated that they choose to dismiss the first count, leaving [us] to try only the second count, certain persons not to have a weapon, a second-degree crime, the higher degree crime.
I've put my findings on the record that to bootstrap a conviction or to bootstrap the possession issue by letting this jury know about the defendant's prior conviction initially I thought was unfair. And I perceived my role to be one necessary to make the call.
Also I rule[d] based on the expediency of trial. Now the prosecutor wants to dismiss the first count. My role now blurs. I can't say don't dismiss the count.... And again since it's diminishing potential jeopardy to the defendant, my fairness argument sort of diminishes also.
Defendant objected to the dismissal of the possession charge in count one, contending that pursuant to R. 3:25-1(b), during trial, any count "may be dismissed by the trial judge on motion by the prosecuting attorney with the consent of the defendant." The judge deferred ruling on the matter until the next day. On June 20, 2001, the judge concluded that the administrative dismissal of a charge by the prosecutor is reviewable only under an abuse of discretion standard, ruling as follows:
Is the prosecutor abusing her discretion by moving to dismiss a third-degree crime where the defendant is extended-term eligible? No. It's her administrative discretion to dismiss. A convoluted *816 argument that it's not to the best interests of the defendant is just that. Convoluted. It is to his benefit. He has no standing to complain.
I'm led to believe, as we discussed the status of the case, that he's extended term eligible. The application is granted over objection. We'll proceed on the second count, the only remaining count, and try the case.
With respect to the element of the offense, prior convictions, there is permitted no detail. I don't know if there's going to be a stipulation to minimize the impact of that. If there is, the date of the conviction, stipulation that the prior conviction falls within the statutory criteria, then it still leaves the issue of possession before the jury. Only now it's in the second count.
After ruling on the State's application, the judge returned the jurors to the courtroom and explained that although he had earlier informed them that the charge was possession of a weapon, it was "possession of a weapon by someone who has been previously convicted of a crime." The judge also made inquiry as to whether "the fact that he has a prior record and the fact that you would hear testimony of that in any way affect your ability to be fair and impartial on the issue of whether he possessed that gun?" The jurors informed the judge they could still be fair.
The only witness called to testify was Sergeant Fellenz. Defendant's motion for a judgment of acquittal at the close of the State's case pursuant to R. 3:18-1 was denied. The jury convicted defendant.
Defendant's motion for a new trial pursuant to R. 3:20-1 was denied. The State's motion for sentencing defendant to an extended term as a persistent offender pursuant to N.J.S.A. 2C:44-3(a) was granted, and the trial judge imposed a ten-year term of imprisonment with a five-year period of parole ineligibility. Applicable mandatory fines and penalties were also imposed.
On appeal, defendant presents the following arguments for our consideration:
POINT I
DEFENDANT'S CONVICTION MUST BE REVERSED BECAUSE THE PROSECUTION ABUSED ITS DISCRETION BY DISMISSING COUNT ONE.
POINT II
THE ADMISSION OF HEARSAY FROM THE STATE'S WITNESS THAT A NON-TESTIFYING WITNESS IMPLICATED DEFENDANT DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT OF CONFRONTATION AND CONSTITUTED PLAIN ERROR (Not Raised Below).
POINT III
DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL SHOULD HAVE BEEN GRANTED.
POINT IV
THE SENTENCING COURT ABUSED ITS DISCRETION BY IMPOSING AN EXTENDED TERM AND/OR FAILED TO STATE ITS REASONS FOR IMPOSING THE EXTENDED TERM (Partially Raised Below).
Defendant argues that the court erred by permitting the State to proceed on the possession by a convicted felon charge in count two without adhering to the principle established by Ragland that the issue of "possession" be submitted to the jury without evidence of defendant's felony conviction. We agree.
We begin our analysis by examining certain established principles. First, "[i]t is `undeniable that the use of prior conviction evidence is fraught with a high risk of *817 prejudice.'" State v. Alvarez, 318 N.J.Super. 137, 149, 723 A.2d 91 (App.Div.1999) (quoting State v. Brunson, 132 N.J. 377, 385, 625 A.2d 1085 (1993)). This principle underpins the Court's ruling in Ragland, supra, requiring severance "when a defendant is charged at the same time with unlawful possession of a weapon and possession of a weapon by a convicted felon." 105 N.J. at 193, 519 A.2d 1361.
Accordingly, to avoid the potential for prejudice, the issue of "possession" is tried first by trial of the unlawful possession charge, without reference to defendant's prior conviction. Ibid. Even where a defendant testifies during the unlawful possession trial, proof of the prior conviction is only admissible on the issue of the defendant's "credibility," and not as "substantive proof" of the element of a criminal offense, and separate trials are still required. State v. Wray, 336 N.J.Super. 205, 207, 764 A.2d 467 (App.Div.), certif. denied, 168 N.J. 290, 773 A.2d 1154 (2001).
Here, the issue of whether defendant "possessed" the weapon was hotly contested. The evidence of possession was circumstantial. In an obvious attempt to enhance its chances for a conviction, the State initially sought to reverse the order of trial of the two counts by first trying the possession by a convicted felon charge. If that attempt had been successful, evidence of defendant's prior conviction would have been presented to the jury, along with its commensurate high risk of prejudice to the defendant. When that maneuver failed, the State attempted to reach the same result by administratively dismissing the unlawful possession charge, leaving only the possession by a convicted felon charge to be tried. Logically, that would mean the admission of defendant's prior conviction as substantive evidence of an element of the charged crime, which would thereby enhance the chances of conviction due to the potential for prejudice. Under such circumstances, even with an ideal limiting instruction, it would be naive to believe that a jury's knowledge of a prior conviction would not increase the chances of conviction.
In our view, under those circumstances, the action of administratively dismissing the charge in count one could also have been viewed as an abuse of prosecutorial discretion and should not have been countenanced. "The trial court must endeavor to prevent the jury from considering evidence or information that would unduly prejudice either the State or the defense with respect to the responsibility of the jury: determining criminal culpability." State v. Short, 131 N.J. 47, 61, 618 A.2d 316 (1993). Here, the attempt to circumvent the fundamental fairness principles established in Ragland should have been rejected.
R. 3:25-1 regulates the dismissal of charges. Prior to indictment, the prosecutor may administratively dismiss a complaint without presentation to the grand jury. However, the prosecutor "shall report the dismissal and the basis therefor to the Assignment Judge and shall notify the defendant." R. 3:25-1(a). After an indictment, "[u]pon motion by the prosecuting attorney, an indictment, accusation or complaint, or any count thereof, may be dismissed prior to trial by order of the judge to whom the same has been assigned for trial." R. 3:25-1(b). However, "[d]uring trial an indictment or accusation, or any count thereof, may be dismissed by the trial judge on motion by the prosecuting attorney with the consent of the defendant." Ibid.
Here, the trial had not commenced at the time the prosecutor sought dismissal of count one. As the trial court correctly observed, the request for dismissal was reviewable only under an abuse of discretion *818 standard. See State v. Ward, 303 N.J.Super. 47, 52-58, 696 A.2d 48 (App. Div.1997). Although the request for dismissal might have been viewed as an abuse of discretion, we need not reach that issue. We rule that the consequence of that dismissalunder these circumstancesrequired the trial on count two to be bifurcated, with the issue of defendant's "possession" of the subject weapon tried first without reference to defendant's prior conviction. If the jury determines that defendant was in possession of the weapon, then the issue of defendant's status as a convicted felon would be independently submitted to the same jury in accordance with the procedures set forth in Ragland, supra, 105 N.J. at 194-196, 519 A.2d 1361.
In light of our determination on this issue we need not address the remaining arguments advanced by defendant.
Reversed and remanded for a new trial consistent with this opinion.