977 A.2d 570 (2009)
409 N.J. Super. 368
STATE of New Jersey, Plaintiff-Respondent,
v.
Louis E. VENEY, Jr., Defendant-Appellant.
DOCKET NO. A-2852-06T4.
Superior Court of New Jersey, Appellate Division.
Submitted January 13, 2009.
Decided August 25, 2009.
*572 Yvonne Smith Segars, Public Defender, attorney for appellant (Adam W. Toraya, Designated Counsel, of counsel and on the brief).
Luis A. Valentin, Monmouth County Prosecutor, attorney for respondent (Carey J. Huff, Assistant Prosecutor, of counsel and on the brief).
Before Judges FUENTES, GILROY and CHAMBERS.
The opinion of the court was delivered by
GILROY, J.A.D.
With advice of counsel, defendant Louis E. Veney pled guilty to the charge of third-degree unlawful possession of a weapon. The question presented on appeal is whether defendant was denied effective assistance of counsel because his attorney failed to seek dismissal of the charge prior to his plea, the State having previously tried defendant to conclusion on another charge arising from the same core set of facts giving rise to the charge of unlawful possession of a weapon. We conclude that the State was barred from prosecuting the charge of unlawful possession of a weapon pursuant to the mandatory joinder rule, N.J.S.A. 2C:1-8b and Rule 3:15-1(b). Accordingly, we hold that defendant was denied effective assistance of counsel; and reverse the conviction and dismiss the indictment.

I.
On July 6, 2005, a Howell Township patrolman investigated a suspicious-activity complaint at a K-Mart retail store in the township. On approaching defendant's motor vehicle in the store's parking lot, the officer observed what appeared to be a "marijuana blunt" on the vehicle's center console. After defendant informed the officer that there was a gun in the vehicle, the officer searched the vehicle, finding an unloaded handgun, inside a work boot in the rear of the vehicle.

II.
On October 26, 2005, a Monmouth County Grand Jury charged defendant under Indictment No. 05-10-2338 with third-degree unlawful possession of a weapon (a handgun, without having obtained a permit to carry the same), N.J.S.A. 2C:39-5b (Count One); fourth-degree hindering apprehension, N.J.S.A. 2C:29-3b (Count Two); and second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7b (Count Three).[1] The State also charged defendant under a separate complaint-summons with disorderly persons offenses of possession of less than 50 grams of marijuana, N.J.S.A. 2C:35-10a(4); and possession of drug paraphernalia, N.J.S.A. 2C:36-2. Lastly, the State charged defendant with two traffic offenses of operating *573 a motor vehicle while his driver's license was suspended and of operating a motor vehicle while in possession of a controlled dangerous substance (CDS).
Following a jury trial, defendant was found guilty on Count Three. On November 8, 2006, the trial court granted defendant's motion for judgment of acquittal notwithstanding the verdict. On the same day, defendant pled guilty, pursuant to a plea agreement, to Count One in exchange for the State recommending: a four-year term of imprisonment with an eighteen-month period of parole ineligibility; and a dismissal of Count Two, the disorderly persons and traffic offenses. On the same day, the trial court, after finding aggravating sentencing factors N.J.S.A. 2C:44-1a(3), (6), and (9), and mitigating factor N.J.S.A. 2C:44-1b(11), sentenced defendant in accordance with the plea agreement.
On appeal, defendant argues:
POINT I.
DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS ATTORNEY FAILED TO RAISE A DOUBLE JEOPARDY DEFENSE. (NOT RAISED BELOW).
POINT II.
THE COURT COMMITTED PLAIN ERROR, CAPABLE OF PRODUCING AN UNJUST RESULT, IN ACCEPTING A PLEA OF GUILTY TO A CHARGE THAT VIOLATED DEFENDANT[']S RIGHTS AGAINST DOUBLE JEOPARDY WITHOUT CONDUCTING A WAIVER HEARING. (NOT RAISED BELOW).

POINT III.
THE SENTENCE IMPOSED WAS MANIFESTLY EXCESSIVE.

III.
On July 18, 2006, prior to selecting a jury, the prosecutor advised the court that the State "is going" to dismiss Counts One and Two of the indictment, and "move" to trial on Counts Three and Four, with the State either dismissing the disorderly persons and traffic offenses after trial or remanding them to the municipal court for disposition.
PROSECUTOR: Judge, with regard to  the State initially made, actually drafted a letter to defense counsel, and the State is going to dismiss the indictment on 05-10-2338, case number 05337, Count 1, unlawful possession of a weapon which is [defendant] and Steven Mason. That will be dismissed.
Count 2 is a hindering apprehension of oneself, that's charged against [defendant] solely. That would be a dismissal. The State is going to move on Counts 3 and 4. Count 3 is a certain persons not to have a weapon, second degree offense.
....
So the State is just going to proceed with Counts 3 and 4.
COURT: All right, so the State is  I asked if there were requests to charge. But you want to address amendments to the indictment.
PROSECUTOR: Well, not amendments, we're dismissing Counts 1 and 2.
With neither defendant nor co-defendant objecting to the State's motion, the court informed counsel that it would grant the motion "after the jury is sworn and before the openings." Accordingly, the court did not enter an order of dismissal at that time. Nor did the State move to dismiss Counts One and Two after the court impaneled the jury.
The State proceeded to try Counts Three and Four, charging defendant and *574 co-defendant, respectively, with second-degree certain persons not to have a weapon. The jury convicted defendant, but did not reach a verdict on Count Four against co-defendant. On August 11, 2006, defendant filed a motion for a new trial contending that the verdict was against the weight of the evidence. The court denied the motion on October 11, 2006. At that proceeding, after reviewing the pre-sentence report, defendant questioned whether the prior conviction relied upon by the State to prove the offense of N.J.S.A. 2C:39-7b qualified as a predicate conviction under the statute.
With the question raised, the court adjourned sentencing to permit further investigation of defendant's prior conviction. In so doing, the court stated that Counts One and Two "[had been] severed at the State's request with anticipation that at sentencing, if there was a conviction, [...] the [c]ourt would dismiss Counts [One and Two]. Since the sentencing is being adjourned today, I'm not addressing Counts [One and Two] at this time." After confirming that the prior conviction was for theft, not third-degree robbery as previously presumed, defendant filed a motion for judgment of acquittal notwithstanding the verdict on Count Three.
On November 8, 2006, after confirming that defendant's conviction on Count Three was not based on a statutory predicate conviction, the prosecutor indicated to the court that he had spoken to defense counsel concerning a plea agreement on Count One that charged defendant with third-degree unlawful possession of a weapon, noting that, although the State had previously moved to dismiss Counts One and Two, the court had not entered a formal order of dismissal as to those counts. The prosecutor informed the court that the State had prepared an accusation for the charge, but if the court and defendant had no objection, it would proceed with a plea agreement on Count One under the indictment. Defendant agreed. However, before accepting defendant's plea, the court addressed Counts One and Two.
COURT: But I didn't know if counsel wanted to speak anymore about Counts 1 and 2. I would just tell you that while you were doing your research with regard to the pretrial conference, I did some research and it appears, based on the notes of the court, clerk, that after [defendant's] conviction came in and again the jury was still working with regard to [co-defendant] at that time, then [the prosecutor] said Counts 1 and 2 would be dismissed in light of the conviction. The notes of the court clerk... say [p]rosecutor moves to dismiss Counts 1 and 2.
The [c]ourt did not sign any paperwork. And to my knowledge or at least with regard to my practice, I would have dismissed Counts 1 and 2 with a written document and I would have done it at sentencing on Count 3. But I thought I would share with counsel what I was able to glean from the research I did. Does anyone want to address Counts 1 and 2?
....
PROSECUTOR: Yes, Judge. With regard to Counts 1 and 2, it's the State's understanding that defendant will be entering a plea on Indictment XX-XX-XXXX to Count 1, the unlawful possession of a weapon, third degree. Possession of gun without a permit....
....
PROSECUTOR: Judge, in this plea agreement the recommendation is that there be a four[-]year New Jersey State Prison with an 18[-]month period of parole ineligibility. Count 2, the hindering apprehension will be dismissed....

*575 Judge, with regard to Count 1, at the time of trial the State had made a motion to dismiss Counts 1 and 2.
It's the State's understanding that notwithstanding that, if the defense agrees and with also the [c]ourt, the unlawful possession of a weapon will be the count which will be pled to.
And that motion technically without the signature of Your Honor had not been  had been solidified, if I can use that word. So, if there are no objections to that dismissal being  that motion being vacated and being an entry of a plea of unlawful possession, the State will move to have that plea under Count 1.
The State is also and has prepared an accusation for the same thing, unlawful possession of a weapon. But procedurally, if the [c]ourt and defense counsel have no objection, then it's the State's understanding the defendant will be entering a plea to Count 1.
....
COURT: And before I rule on Count 3, I'll have you address it.
DEFENSE COUNSEL: Judge, with regards to Counts 1 and 2, after having a conference with Your Honor reviewing the transcript, I would analogize it that the application was made by the State but it was never fulfilled by Your Honor. So that ... Counts 1 and 2 have not been dismissed at this point.
Based upon the plea agreement that's been reached between the State and defense, I'd have no objection with continuing with the indictment under Counts 1 and 2 and having my client plead guilty to Count 1 in full satisfaction of the entire indictment.
COURT: All right. And have you discussed that with [defendant]?
DEFENSE COUNSEL: I have, Your Honor.
COURT: And has he indicated to you that that's how he wants to proceed rather than by way of accusation? Oh, all right. I see [defendant] shaking his head up and down yes. So, I'll ask him too[,] but I just want to make sure you talked to him.
DEFENSE COUNSEL: I did, Your Honor, yes.
After accepting defendant's plea on Count One, the court addressed defendant's motion for judgment of acquittal notwithstanding the verdict. Determining that the State failed to prove a predicate conviction required under N.J.S.A. 2C:39-7b, the court granted the motion acquitting defendant of Count Three. The court then sentenced defendant on Count One to a four-year term of imprisonment with an eighteen-month period of parole ineligibility pursuant to the terms of the plea agreement.

IV.
In Point I, defendant argues that he was denied effective assistance of counsel because his attorney failed to raise the defense of double jeopardy prior to entering a plea on Count One. In Point II, defendant contends that the court committed plain error in accepting his guilty plea without first obtaining an express waiver of his right against double jeopardy.
Claims of ineffective assistance of counsel are governed by the standards set forth in Strickland v. Washington.[2]State v. Preciose, 129 N.J. 451, 463-64, 609 A.2d (1992); see also State v. Fritz, 105 *576 N.J. 42, 58, 519 A.2d 336 (1987) (holding the precepts of Strickland have been adopted by New Jersey). For a defendant to establish a prima facie case of ineffective assistance of counsel under Strickland, the defendant must show that defense "counsel's performance was deficient," and that "there exists `a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Preciose, supra, 129 N.J. at 463-64, 609 A.2d 1280 (quoting Strickland, supra, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698); see also State v. Allegro, 193 N.J. 352, 366, 939 A.2d 754 (2008).
"`The first prong of the [Strickland] test is satisfied by a showing that counsel's acts or omissions fell outside the wide range of professionally competent assistance considered in light of all the circumstances of the case.'" Allegro, supra, 193 N.J. at 366, 939 A.2d 754 (quoting State v. Castagna, 187 N.J. 293, 314, 901 A.2d 363 (2006)). To prove the second prong of Strickland, a defendant must prove "`that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 367, 939 A.2d 754 (quoting State v. Loftin, 191 N.J. 172, 198, 922 A.2d 1210 (2007)). It is "an exacting standard: '[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached.'" Ibid. (quoting Castagna, supra, 187 N.J. at 315, 901 A.2d 363).
We consider the issues presented in light of the record and the various rules of procedure and principles of law governing double jeopardy, mandatory joinder, severance, and dismissals. We first address defendant's argument that he was denied effective assistance of counsel because his attorney failed to move for dismissal of Count One as the State had already tried him to conclusion on Count Three. Defendant contends that Counts One and Two were wrongfully terminated "after the jury was impaneled and sworn." N.J.S.A. 2C:1-9d. Defendant asserts that if his counsel had so moved, the court would have granted the motion on the grounds that the State was barred from proceeding on Count One by the principle of double jeopardy.
The State counters that Counts One and Two were severed at its request with anticipation that, if defendant was convicted on Count Three, the court, at sentencing, would then dismiss Counts One and Two. In so arguing, the State references the trial court's statement of October 11, 2006, that the court would dismiss Counts One and Two at sentencing on Count Three if defendant was convicted on that latter count. We disagree with the arguments of both defendant and the State. However, we concur with the State's position that it was not precluded from proceeding on Count One by reason of double jeopardy.
As to the State's argument, the record indicates that the court's recollection of its prior ruling was mistaken. In addition, there is no reason for the court not to have granted the State's motion to dismiss Counts One and Two at the outset of the case with the State's advice that it was only moving on Counts Three and Four. Generally, it is only necessary for a court to reserve on a motion to dismiss a count of an indictment on a plea agreement because the court might later reject the agreement, thereby permitting the State to proceed to trial on all counts. See State v. Pennington, 154 N.J. 344, 362, 712 A.2d 1133 (1998) (holding that if a plea agreement is rejected by the trial court, the court is required to "return the parties to the position they were in at the beginning of the ... plea hearing") (quoting *577 State v. Barboza, 115 N.J. 415, 427, 558 A.2d 1303 (1989)). Here, Count Three was tried to a jury; defendant did not plead to that count.
We now turn to defendant's argument. "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." State v. Widmaier, 157 N.J. 475, 489-90, 724 A.2d 241 (1999). "Although the language of the New Jersey Constitution simply provides that `[n]o person shall, after acquittal, be tried for the same offense,' N.J. Const. art. I, ¶ 11, this protection is at a minimum co-extensive with that of the United States Constitution." State v. Womack, 145 N.J. 576, 582, 679 A.2d 606, cert. denied, 519 U.S. 1011, 117 S.Ct. 517, 136 L.Ed.2d 405 (1996).
In a jury trial, "jeopardy attaches to a defendant when he is put on trial in a court of competent jurisdiction upon a valid indictment and a jury is impaneled and sworn to determine the issue of his guilt or innocence of the crime charged." State v. Farmer, 48 N.J. 145, 169, 224 A.2d 481 (1966), cert. denied, 386 U.S. 991, 87 S.Ct. 1305, 18 L.Ed.2d 335 (1967). Put simply, "[i]n a jury trial, jeopardy attaches after the jury is impaneled and sworn." State v. Allah, 170 N.J. 269, 279, 787 A.2d 887 (2002).
Here, prior to selecting a jury, the State announced that, as to defendant, it was dismissing Counts One and Two and moving to trial on Count Three only. The court acknowledged that it intended to grant the motion "after the jury was sworn and before the openings." However, the State never moved again for dismissal; rather, the State proceeded to try Count Three to a conclusion.
Although the court neither announced the dismissal of Counts One and Two, nor formalized a dismissal of them in a written order, the court and the parties proceeded to trial on Count Three against defendant, as if Counts One and Two had been dismissed. The jury was not impaneled to try Counts One and Two; the court did not address the charges in Counts One and Two in either its preliminary or final jury instructions; neither the prosecutor nor defense counsel addressed the charges in Counts One and Two in their opening or closing statements; and the jury was not asked to determine defendant's guilt on those two counts. We are satisfied that Counts One and Two were effectively dismissed prior to impaneling the jury, order or not. Because Counts One and Two were dismissed prior to trial, defendant was never placed in jeopardy on those counts. "Jeopardy is commenced and terminated charge by charge." Yeager v. United States, ___ U.S. ___,___, 129 S.Ct. 2360, 2373, 174 L.Ed.2d 78, 95 (2009) (Scalia, J., dissenting).
Defendant argues that the State was statutorily precluded from prosecuting Count One because that count was wrongfully terminated after the jury was impaneled and sworn. N.J.S.A. 2C:1-9d. Contrary to defendant's argument, as previously stated, Count One was dismissed before the jury was impaneled. Moreover, the State's voluntary dismissal did not equate to a wrongful termination, such as a mistrial caused by the State's improper action. See State v. Torres, 328 N.J.Super. 77, 86-87, 744 A.2d 699 (App.Div.2000) (explaining that a mistrial provoked by the prosecutor would invoke the double jeopardy prohibition).
Alternatively, defendant argues that the State was barred from prosecuting Count One following his acquittal on Count Three *578 pursuant to N.J.S.A. 2C:1-10a(1) and (3). We disagree.
N.J.S.A. 2C:1-10 provides in pertinent part:
A prosecution of a defendant for a violation of a different provision of the statutes or based on different facts than a former prosecution is barred by such former prosecution under the following circumstances:
a. The former prosecution resulted in an acquittal or in a conviction as defined in section 2C:1-9 and the subsequent prosecution is for:
(1) Any offense of which the defendant could have been convicted on the first prosecution; or....
(3) The same conduct, unless (a) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil....
N.J.S.A. 2C:1-10a(1) by its own terms prohibits subsequent prosecutions of any offenses of which a defendant could have been convicted in his or her first prosecution. Although defendant's trial on Count Three resulted in an acquittal, albeit after he had pled guilty to Count One, defendant could not have been convicted of that count in the trial on Count Three. As stated infra, Count One was dismissed prior to the court impaneling the jury on Count Three. Additionally, Counts One and Three charged separate crimes. The offense charged under Count One is not a lesser-included offense of that charged in Count Three. N.J.S.A. 2C:39-5b prohibits an individual from possessing a handgun without having obtained a permit to carry the weapon, whereas N.J.S.A. 2C:39-7b prohibits individuals previously convicted of certain crimes from purchasing, owning, possessing or controlling a firearm. An offense under the former statute is not a lesser-included offense under the latter statute within the meaning of N.J.S.A. 2C:1-8d.
Defendant contends that N.J.S.A. 2C:1-10a(3) prohibits the State from proceeding on Count One "because the offense which [defendant] was formerly acquitted of involves the same conduct. Specifically, [d]efendant was not being prosecuted for offenses that each required proof of a fact not required by the other. Only the possession by the convicted felon required proof of an additional fact." Not so.
"The first prong [of N.J.S.A. 2C:1-10a(3)] is a codification of the Blockburger[3] or `elements' test," for determining whether a defendant may suffer a subsequent prosecution on a charge arising out of the same conduct after having been previously acquitted of a different charge. State v. Yoskowitz, 116 N.J. 679, 699, 563 A.2d 1 (1989). Section a(3) of the statute would not have barred the State from proceeding on Count One, although it had already tried Count Three to a conclusion, because Counts One and Three contain separate elements requiring different evidence. *579 Although both counts involve possession of a handgun, Count One requires additional proof of failure to obtain a permit to carry, whereas Count Three requires additional proof of defendant's prior conviction of a predicate offense under N.J.S.A. 2C:39-7b.
Accordingly, we conclude that the State would not have been precluded from prosecuting defendant on Count One by the principle of double jeopardy.

V.
We next address the issue of whether the State should have been barred from prosecuting Count One because of the mandatory joinder rule. We are so convinced.
Our Supreme Court first "adopted the compulsory joinder rule barring separate trials for multiple offenses that are known to the prosecuting attorney, when the offenses are based essentially on the same conduct or arise from the same criminal episode" in State v. Gregory, 66 N.J. 510, 522, 333 A.2d 257 (1975). State v. Williams, 172 N.J. 361, 367, 799 A.2d 470 (2002). The Court incorporated that principle in the Court Rules:
[A] defendant shall not be subject to separate trials for multiple criminal offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction and venue of a single court.
[R. 3:15-1(b).]
The Legislature incorporated the identical provision into the New Jersey Code of Criminal Justice (Code). N.J.S.A. 2C:1-8b.
"If the offenses are not joined, the omitted offense may not be further prosecuted." Williams, supra, 172 N.J. at 368, 799 A.2d 470. Moreover, the breadth of the Code's mandatory joinder rule, prohibiting subsequent prosecution, is greater than that provided by double jeopardy. State v. Mello, 297 N.J.Super. 452, 464, 688 A.2d 622 (App.Div.1997); Cannel, New Jersey Criminal Code Annotated, comment 11 on N.J.S.A. 2C:1-8 (2009).
The Code's mandatory joinder provision is implemented through N.J.S.A. 2C:1-10a(2). That section provides in pertinent part:
A prosecution of a defendant for a violation of a different provision of the statutes ... is barred by such former prosecution ... [when]: [t]he former prosecution resulted in an acquittal ... and the subsequent prosecution is for... [a]ny offense for which the defendant should have been tried on the first prosecution under section 2C:1-8 unless the court ordered a separate trial of the charge of such offense[.]
[N.J.S.A. 2C:1-10a(2).]
Both the Court Rules and the Code contain exemptions from the mandatory joinder provision. Rule 3:15-1(b) provides for an exception as contained in Rule 3:15-2(b). "If ... it appears that a defendant or the State is prejudiced by a permissible or mandatory joinder of offenses ... in an indictment or accusation the court may order an election or separate trials of counts, grant a severance of defendants, or direct other appropriate relief." R. 3:15-2(b). N.J.S.A. 2C:1-8c provides in pertinent part: "[w]hen a defendant is charged with two or more criminal offenses based on the same conduct or arising from the same episode, the court may order any such charges to be tried separately *580 in accordance with the Rules of Court."
In addition, Rule 3:25-1(b) governs dismissals by the State. The rule provides in pertinent part that:
Upon motion by the prosecuting attorney, an indictment ... or any count thereof, may be dismissed prior to trial by order of the judge to whom the same has been assigned for trial. During trial an indictment ... or any count thereof may be dismissed by the trial judge on motion by the prosecuting attorney with the consent of the defendant.
We are satisfied that the State should not have been permitted to proceed on Count One after trying Count Three because of the mandatory joinder rule. N.J.S.A. 2C:1-8b; R. 3:15-1(b). It is undisputed that if the State had only indicted and tried defendant on the charge of certain persons not to have a weapon, that on acquittal of that charge, the State could not have re-indicted and tried defendant on the charge of unlawful possession of a weapon. N.J.S.A. 2C:1-8b; N.J.S.A. 2C:1-10a(2); R. 3:15-1(b). By negotiating a plea agreement on the charge of unlawful possession of a weapon (Count One), while aware of defendant's pending motion for judgment of acquittal on Count Three, the State indirectly accomplished what the mandatory joinder rule prohibits.
We do not find any evidence of bad faith on the part of the State in dismissing Counts One and Two, and proceeding to trial on Count Three against defendant.[4] There is no support for the argument that the State attempted to circumvent the fundamental fairness principles established in State v. Ragland, 105 N.J. 189, 519 A.2d 1361 (1986).[5]See State v. Brown, 362 N.J.Super. 62, 69, 826 A.2d 813 (App.Div. 2003) (criticizing the State's administrative dismissal of the charge of unlawful possession of a weapon and proceeding to trial on the charge of possession of a weapon by a convicted felon after the court denied the State's motion to sever and to try the second count first), rev'd on other grounds, 180 N.J. 572, 853 A.2d 260 (2004). However, the State having proceeded in the manner that it did, it cannot turn around and proceed on Count One.
After dismissing Counts One and Two, the State tried Count Three, with the jury hearing evidence of defendant's prior criminal conviction via a stipulation. By only proceeding to trial on Count Three, the State eliminated the possibility that, if it had proceeded to try Counts One and Three in a bifurcated trial pursuant to Ragland, the jury might only have found defendant guilty of the unlawful possession *581 charge, not of the more serious charge of possession of a weapon by a convicted person. See Ragland, supra, 105 N.J. at 195, 519 A.2d 1361 (providing that a jury in a bifurcated trial must be instructed "in no uncertain terms to consider anew the evidence previously admitted but to disregard completely its prior verdict"). Because the State tried defendant to a verdict on Count Three, we conclude that defendant was entitled "to be free of the `harassment' and `oppression' of a second trial on offenses relating to the same episode." Williams, supra, 172 N.J. at 373, 799 A.2d 470 (quoting Gregory, supra, 66 N.J. at 518, 333 A.2d 257).
Alternatively, even if the mandatory joinder rule was not applicable to the present matter, we are satisfied that the State should have been barred from proceeding to trial on Count One by the doctrine of fundamental fairness. That doctrine, "at least in the context of double-jeopardy and mandatory-joinder cases, is derived from the policy interests underlying those doctrines." Yoskowitz, supra, 116 N.J. at 705, 563 A.2d 1. In applying the principle to such cases, we consider fairness and the reasonable expectations of the defendant. Ibid. (citing State v. Currie, 41 N.J. 531, 197 A.2d 678 (1964)).
Here, the record indicates that prior to commencement of trial, the State had advised defendant by letter of its intention to dismiss Counts One and Two and proceed only on Counts Three and Four.[6] On the first day of trial, the prosecutor confirmed the State's intention. Thus, one can reasonably conclude that defendant believed that, in proceeding to trial on Count Three, he would not have to face subsequent prosecution on Count One. For the State to have proceeded on Count One, after verifying the information contained in defendant's motion for judgment of acquittal notwithstanding the verdict, violated the spirit, if not the letter, of the mandatory joinder rule. If defendant had not pled to Count One, would defendant have been forced to suffer a subsequent trial? According to the State, the answer is yes. We conclude that a subsequent trial would have violated the principle of fundamental fairness.

VI.
Generally, ineffective assistance of trial counsel claims are not entertained "on direct appeal because such claims involve allegations and evidence that [normally] lie outside the trial record." Castagna, supra, 187 N.J. at 313, 901 A.2d 363 (quoting Preciose, supra, 129 N.J. at 460, 609 A.2d 1280). "However, when the trial itself provides an adequately developed record upon which to evaluate defendant's claims, appellate courts may consider the issue on direct appeal." Ibid. Such is the case here. See Allah, supra, 170 N.J. at 285, 787 A.2d 887.
In Allah, the defendant called the co-defendant to testify as defendant's witness. Id. at 274, 787 A.2d 887. After direct examination by defense counsel, the co-defendant refused to answer questions asked by the prosecutor asserting his Fifth Amendment right against self-incrimination because, although he had previously entered a guilty plea, he had not yet been sentenced. Id. at 274-75, 787 A.2d 887. Over the objection of defendant, the trial court granted the State's motion for a mistrial. Id. at 274, 787 A.2d 887. On re-trial, defendant was convicted of third-degree possession of a CDS. Id. at 276, *582 787 A.2d 887. On direct appeal, defendant argued ineffective assistance of trial counsel because his attorney never moved for dismissal of the indictment on the basis of double jeopardy prior to or during trial. Id. at 277, 787 A.2d 887.
We affirmed. Id. at 273-74, 787 A.2d 887. As to the ineffective assistance of counsel claim, we agreed that the defendant had satisfied the deficiency prong of Strickland "because a reasonably competent attorney would have filed the motion to bar the second trial"; however, we concluded that the prejudicial prong of Strickland had not been met. Id. at 277-78, 787 A.2d 887. On certification granted, the Supreme Court reversed, determining that defendant had also met the prejudice prong of Strickland. Id. at 286, 787 A.2d 887.
Had defense counsel filed for dismissal on what was an obvious and meritorious double jeopardy defense claim, there is no doubt that the outcome of the second trial would be different. Indeed, there would likely have been no second trial. At the very least, had counsel filed the motion, defendant's claim of double jeopardy would have been preserved. Counsel's inaction plainly prejudiced defendant.
[Ibid.]
On reversal, the Court dismissed the second indictment with prejudice. Id. at 290, 787 A.2d 887.
We conclude the same result is required in this case. Certainly, the failure to move to dismiss Counts One and Two prior to defendant entering a plea cannot be deemed trial strategy. The failure to so move denied defendant the effective assistance of trial counsel.
Accordingly, we reverse the conviction on Count One and dismiss the indictment as to defendant.
NOTES
[1] Under the same indictment, the State charged co-defendant Steven Mason with third-degree unlawful possession of a weapon and with second-degree certain persons not to have a weapon (Counts One and Four, respectively). The State also charged Mason in a complaint-summons with possession of less than 50 grams of marijuana.
[2] Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).
[3] Blockburger v. United States, 284 U.S. 299, 303-04, 52 S.Ct. 180, 181-82, 76 L.Ed. 306, 309 (1932) ("The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). In State v. DeLuca, 108 N.J. 98, 107, 527 A.2d 1355, cert. denied, 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987), the Court adopted an alternate "evidence" test: "[i]f the same evidence used in the first prosecution is the sole evidence in the second, the prosecution of the second offense is barred."
[4] In presenting the charge of N.J.S.A. 2C:39-7b to the Grand Jury, the State relied upon information it retrieved from Promis Gavel, the court's criminal information management system, indicating that defendant had previously pled guilty on July 13, 1998, in Atlantic County to the offense of third-degree robbery, N.J.S.A. 2C:15-1. Only after defendant questioned the prior conviction as shown in his pre-sentence report did Atlantic County acknowledge that its prior judgment of conviction (JOC) was in error, defendant having pled guilty to third-degree theft, not to robbery. The Law Division in Atlantic County subsequently entered a corrected JOC.
[5] In Ragland the Court held that when a defendant is charged simultaneously with the same two offenses as here, unlawful possession of a weapon and possession of a weapon by a convicted felon, that they "must be tried separately since proof that defendant was a convicted felon (required in the trial of the latter charge) clearly tends to prejudice the jury in considering the former." Supra, 105 N.J. at 193, 519 A.2d 1361. The Court instructed that the charges may be tried to either different juries or to the same jury hearing both counts sequentially. Id. at 194-95, 519 A.2d 1361. If tried to the same jury sequentially, the Court further directed that "the jury must be instructed in no uncertain terms to consider anew the evidence previously admitted but to disregard completely its prior verdict." Id. at 195, 519 A.2d 1361.
[6] A copy of the State's letter referenced by defendant's counsel in the record is not contained in the Appellate appendix.