UNITED STATES of America, Plaintiff–Appellant, Cross–Appellee,

v.

Alvin BARKER, Defendant–Appellee, Cross–Appellant.

Nos. 93–30121, 93–30128.

United States Court of Appeals, Ninth Circuit.

March 31, 1994.

Joseph Douglas Wilson, U.S. Dept. of Justice, Washington, DC, Jack C. Wong, Asst. U.S. Atty., Portland, OR, for plaintiff-appellant, cross-appellee.

Colleen B. Scissors, Asst. Federal Public Defender, Portland, OR, for defendant-appellee, cross-appellant.

Before: WRIGHT, BEEZER and HALL, Circuit Judges.

## ORDER AMENDING OPINION AND DENYING REHEARING

The opinion filed August 13, 1993, slip op. 8761, and appearing at 1 F.3d 957 (9th Cir. 1993), is amended as follows:

*Slip Opinion at 8767–68, 1 F.3d at 959–60:*

Delete the text following the citation to *United States v. Brinklow,* 560 F.2d 1003, 1006 (10th Cir.1977), *cert. denied,* 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978). Beginning a new paragraph, insert the following:

Any other holding would lead to an impermissible result if a jury did not return a

guilty verdict on the possession portion of the crime. The government would be precluded from proving an essential element of the charged offense, and the district court would breach its duty to instruct the jury on all the essential elements of the crime charged.[3] *See United States v. Campbell,* 774 F.2d 354, 356 (9th Cir.1985) (the government is "entitled to prove the[ ] elements of the charged offenses by introduction of probative evidence"); *United States v. Combs,* 762 F.2d 1343, 1346 (9th Cir.1985) ("When a person is prosecuted under a statute, the requirements of the statute should be explained to the jury so that they may determine whether or not the defendant's conduct fits within the statute.").

Additionally, the district court's bifurcation order might unfairly confuse the jury, prompting it to exercise its power of nullification on the unwarranted belief that the defendant was charged for noncriminal conduct. As the First Circuit stated in *Collamore:*

> when a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime.... Possession of a firearm by most people is *not* a crime. A juror who owns or who has friends and relatives who own firearms may wonder why [the defendant's] possession was illegal. Doubt as to the criminality of [the defendant's] conduct may influence the jury when it considers the possession element.

868 F.2d at 28. Limiting the jury's consideration of required elements of an indicted offense is contrary to the presumption against special verdicts in criminal cases. *United States v. Aguilar,* 883 F.2d 662, 690 (9th Cir.1989), *cert. denied,* 498 U.S. 1046, 111 S.Ct. 751, 112 L.Ed.2d 771 (1991). The bifurcation order removes an element of the crime charged from the jury's consideration,

prevents the government from having its case decided by the jury, and changes the very nature of the charged crime. *See Gilliam,* 994 F.2d at 102 ("There is a significant difference, however, between a rule formulated to limit the admissibility of potentially prejudicial evidence and a rule that eliminates an element of a crime legislated by Congress."). We find the district court's bifurcation order improper.

## IV

We GRANT the government's petition for mandamus. We ORDER the writ to issue REVERSING the district court's bifurcation order. We REMAND the case to the district court for further proceedings.

With these amendments, the panel has voted unanimously to deny the petition for rehearing. Judges Beezer and Hall vote to reject the suggestion for rehearing en banc and Judge Wright recommends rejection.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.

---

**3.** Barker misunderstands the fundamental nature of "prejudicial evidence." Evidence is prejudicial only when it has an additional adverse effect on a defendant beyond tending to prove the fact or issue that justifies its admission. A prior conviction is not prejudicial when it is an element of the charged crime. Proof of the felony conviction is essential to the proof of the offense—be it proof through stipulation or contested evidence. The underlying facts of the prior conviction are completely irrelevant under § 922(g)(1); the existence of the conviction itself is not.