853 A.2d 260

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
KEVIN BROWN, DEFENDANT–RESPONDENT.

Argued April 26, 2004—Decided August 5, 2004.

H. *John Witman, III,* Deputy Attorney General, argued the cause for appellant (*Peter C. Harvey,* Attorney General of New Jersey, attorney).

*Stephen A. Caruso,* Assistant Deputy Public Defender, argued the cause for respondent (*Yvonne Smith Segars,* Public Defender, attorney; *Mr. Caruso* and *Steven M. Gilson,* Designated Counsel, on the briefs).

Justice WALLACE delivered the opinion of the Court.

The issue presented is whether a defendant tried before a jury on the sole charge of second-degree possession of a weapon by a convicted person must be tried in a bifurcated trial, wherein the possession of a weapon element would be tried during the first stage of trial without reference to defendant's prior criminal history, and the previous conviction element would be tried during the second stage. Here, the Law Division did not bifurcate the trial and the jury found defendant guilty. The Appellate Division reversed and remanded for a bifurcated trial. *State v. Brown,* 362 *N.J.Super.* 62, 826 *A.*2d 813 (2003). We granted certification, 178 *N.J.* 251, 837 *A.*2d 1093 (2003), and now reverse. We hold that the trial court appropriately did not bifurcate the single count of possession of a weapon by a convicted person.

I.

The arrest and conviction of defendant Kevin Brown stems from an incident in Asbury Park, New Jersey. Sergeant Terrence Fellenz responded to a request for assistance at 304 Fourth Avenue. Upon arrival, Sergeant Fellenz observed defendant, who matched the description of the subject of the dispatch, straddling a bicycle and talking to two other men. As Sergeant Fellenz approached the three men, defendant placed his hands on the

handlebars of the bicycle as if to leave, so Sergeant Fellenz instructed him to stop. Defendant dropped the bike, turned away, and walked towards pillars at the entrance to a nearby apartment. Defendant reached under his sweatshirt and extended his right hand toward a pillar. Sergeant Fellenz drew his weapon and ordered defendant to show his hands, but not to turn around. Defendant raised his hands, turned around, and began to approach Sergeant Fellenz, who ordered him to stop. Defendant moved within four feet of Sergeant Fellenz, put his hands down, and removed his sweatshirt.

By that time, three other police officers had arrived at the scene. A search of defendant disclosed no weapon, but a search of the area revealed a nine-millimeter semi-automatic loaded handgun and holster in a grassy area behind one of the pillars. Sergeant Fellenz had not heard anything hit the ground after defendant extended his right arm, but the officer believed defendant discarded the weapon at that juncture. No identifiable fingerprints were found on the weapon.

Defendant was indicted for third-degree unlawful possession of a weapon, *N.J.S.A.* 2C:39–5b (count one), and second-degree possession of a weapon by a convicted person, *N.J.S.A.* 2C:39–7b (count two). The latter charge resulted from defendant's prior convictions, which included manslaughter.

Prior to trial, the State informed the court that although the counts in the indictment must be severed for trial pursuant to *State v. Ragland,* 105 *N.J.* 189, 519 *A.*2d 1361 (1986), it intended to try count two first because it was the more serious of the charges. The trial court disagreed and ordered the State to proceed on count one.

During jury selection, the prospective jurors were informed that defendant was charged with unlawful possession of a weapon. After the jury was selected and excused for the day, the State moved to dismiss count one, leaving only count two for trial. Defendant objected. He argued that pursuant to *Rule* 3:25–1(b), his consent was needed to dismiss a count on motion by the State,

and he would not consent. The court deferred ruling until the next day, at which time it found no abuse of prosecutorial discretion and granted the State's motion to dismiss count one.

Before trial commenced, the court explained to the jury that although it had previously stated that the charge was possession of a weapon, in fact it was "possession of a weapon by someone who has been previously convicted of a crime." The trial court asked the jury whether the fact of defendant's prior record, or testimony relating thereto, would affect the jurors' ability to be fair and impartial on the possession issue. All of the jurors answered that they still could be fair.

At trial, Sergeant Fellenz was the only witness to testify, after which the State rested. Defendant rested after his motion for a judgment of acquittal was denied. The jury found defendant guilty of possession of a weapon by a convicted person, and defendant's motion for a new trial was denied. Thereafter, the trial court granted the State's motion to sentence defendant to an extended term as a persistent offender and imposed a ten-year prison term with five years of parole ineligibility.

On appeal, defendant asserted that (1) the State abused its discretion in dismissing the possession charge in count one; (2) hearsay evidence was improperly admitted; (3) it was error to deny his motion for judgment of acquittal; and (4) his sentence was excessive. The Appellate Division reversed and remanded, holding that when the "State elects ... to proceed solely on [a] possession by a convicted felon charge, the issue of 'possession' must be tried first, absent any knowledge by the trier of fact of the defendant's prior conviction." *Id.* at 64. The panel reasoned that a jury would be prejudiced against defendant if presented simultaneously with evidence regarding defendant's possession of a weapon and prior convictions, which would deprive defendant of a fair trial. *Id.* at 68–69.

## II.

The State argues that it should not be required to prove another element to the same jury at a separate trial to convict a defendant

of a single crime. The State urges that bifurcation of the elements of a single charge and withholding essential information relating to the crime from the jury prevents the jury from discharging its deliberative and decisional functions because the jury cannot determine guilt or innocence without context and without hearing all the necessary and relevant information at one proceeding. Relying primarily on federal authority, the State insists that the jury needs to hear evidence regarding each element of the felon-in-possession offense during one unitary trial. The State adds that a prior conviction is not prejudicial but rather proves the fact in issue that justifies its admission.

Defendant maintains that the Appellate Division's decision ensures defendant's right to a fair trial in accordance with the long-settled principles established by this Court in *Ragland*. He urges that the "severance to avoid prejudice" principle underlying *Ragland* is necessary because evidence of a defendant's prior felony conviction clearly tends to prejudice the jury's consideration of a weapon possession issue. Defendant submits that a limiting or curative instruction is not sufficient to ensure a fair trial. Further, he argues that New Jersey should not follow the federal courts, which do not bifurcate the elements of this offense, but should give greater protection than that provided by federal law.

## III.

### A.

As a result of the State's dismissal of the weapon possession offense, defendant faced the sole count of second-degree possession of a weapon by a convicted person, *N.J.S.A.* 2C:39–7b. That statute provides in part:

> A person having been convicted in this State or elsewhere of the crime of aggravated assault, arson, burglary, escape, extortion, homicide, kidnapping, robbery, aggravated sexual assault, sexual assault, [or other designated offenses] who purchases, owns, possesses or controls a firearm is guilty of a crime of the second degree and upon conviction thereof, the person shall be sentenced to a term of imprisonment by the court.
>
> [*Ibid.*]

Thus, the State must prove beyond a reasonable doubt that defendant possessed a weapon and that he previously was convicted of an enumerated crime.

In *Ragland, supra,* this Court held that when a defendant is charged simultaneously with unlawful possession of a weapon and possession of a weapon by a convicted felon "[t]he two charges must be tried separately [because] proof that defendant was a convicted felon (required in the trial of the latter charge) clearly tends to prejudice the jury in considering the former." 105 *N.J.* at 193, 519 *A.*2d at 1363. The Court declared that "[s]everance is customary and presumably automatic where it is requested because of the *clear tendency of the proof of the felony conviction to prejudice trial of the separate charge* of unlawful possession of a weapon." *Id.* at 194, 519 *A.*2d at 1363 (emphasis added). An entirely different jury can be empanelled to hear the second charge or the same jury may try both counts sequentially. *Id.* at 194–95, 519 *A.*2d at 1363–64. However, if the same jury hears both counts, *Ragland* requires that "the jury be instructed in no uncertain terms to consider anew the evidence previously admitted but to disregard completely its prior verdict." *Id.* at 195, 519 *A.*2d at 1364.

### B.

Although this Court has yet to decide the procedure for trial of the sole offense of possession of a weapon by a convicted felon, the overwhelming majority of other jurisdictions conclude that a convicted person is not entitled to a bifurcated jury trial and that the jury should be presented with evidence on each element of the offense during one undivided trial. One of the earliest cases to address the issue was *United States v. Collamore,* 868 *F.*2d 24 (1st Cir.1989), *overruled on other grounds by United States v. Tavares,* 21 *F.*3d 1 (1st Cir.1994). In *Collamore,* defendant was indicted for being a felon-in-possession of a firearm. *Id.* at 25. The district court granted the defendant's motion for bifurcation of the possession and the felony elements. *Id.* at 26. The court was concerned

about potential jury prejudice on the possession element due to the defendant's prior convictions. *Ibid.* On appeal, the First Circuit Court of Appeals reversed, concluding that the absence of information about all of the elements of the crime might cause the jury to question the criminality of the defendant's conduct, and in turn "influence the jury when it considers the possession element." *Id.* at 28.

The Second Circuit Court of Appeals adopted similar reasoning in *United States v. Gilliam,* 994 *F.*2d 97 (2d Cir.), *cert. denied,* 510 *U.S.* 927, 114 *S.Ct.* 335, 126 *L.Ed.*2d 280 (1993). The court stated that "[e]vidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *Id.* at 100 (internal quotation marks and citation omitted) (alteration in original). The court concluded that "[a] prior conviction is not prejudicial where the prior conviction is an element of the crime; rather, it prove[s] the fact or issue that justified its admission." *Ibid.* (internal quotation marks and citation omitted) (second alteration in original). The court also explained that,

there is harm done by [the defendant's] proposal [to take the prior conviction element away from the jury].... [I]t removes from the jury's consideration an element of the crime, leaving the jury in a position only to make findings of fact on a particular element without knowing the true import of those findings. Again, [defendant] is not charged with mere possession of a weapon, but with possession by a convicted felon. The jury speaks for the community in condemning such behavior, and it cannot condemn such behavior if it is unaware of the nature of the crime charged.

. . . .

... Without full knowledge of the nature of the crime, the jury cannot speak for the people or exert their authority. If an element of the crime is conceded and stripped away from the jury's consideration, the jurors become no more than factfinders. The jury must know why it is convicting or acquitting the defendants, because that is simply how our judicial system is designed to work.

. . . .

... Whatever the basis of the reasoning, ... there is virtual judicial unanimity in the belief that the jury must be informed of all the elements of the crime charged.

[*Id.* at 100–02.]

The court noted that a curative jury instruction was the appropriate tool to minimize prejudicial effects caused by the introduction of a defendant's criminal past. *Id.* at 103.

The holdings in *Collamore* and *Gilliam* and their supporting analyses undergird other federal decisions concluding that trial courts should not bifurcate felon-in-possession charges. *See, e.g., United States v. Dean,* 76 *F.*3d 329, 332 (10th Cir.1996) (adopting reasoning of *Collamore* and three other circuits); *United States v. Koskela,* 86 *F.*3d 122, 125–26 (8th Cir.1996) (rejecting defendant's bifurcation of felon-in-possession charge without analysis); *United States v. Milton,* 52 *F.*3d 78, 80–81 (4th Cir.) (relying on *Collamore* and *Gilliam,* among others, for proposition "that if a defendant is charged with being a felon-in-possession of a firearm, a district court does not have the power to instruct the jury to consider only the possession element of the offense"), *cert. denied,* 516 *U.S.* 884, 116 *S.Ct.* 222, 133 *L.Ed.*2d 152 (1995); *United States v. Jacobs,* 44 *F.*3d 1219, 1222–23 (3d Cir.) (holding that denial of bifurcation request was appropriate in light of *Collamore*), *cert. denied,* 514 *U.S.* 1101, 115 *S.Ct.* 1835, 131 *L.Ed.*2d 754 (1995); *United States v. Barker,* 1 *F.*3d 957, 959 (holding that "the district court may not bifurcate the single offense of being a felon in possession of a firearm into multiple proceedings") *amended by* 20 *F.*3d 365 (9th Cir.1994); *United States v. Birdsong,* 982 *F.*2d 481, 482 (11th Cir.) (explicitly adopting reasoning of *Collamore* ), *cert. denied,* 508 *U.S.* 980, 113 *S.Ct.* 2984, 125 *L.Ed.*2d 680 (1993).

## C.

Several state courts have echoed the holdings of the above federal decisions. In 1974, the Supreme Court of Colorado recognized the potential prejudicial impact that prior crimes evidence can have on criminal defendants, but stated that "[t]he proper way for the court to prevent the possibility that the evidence offered to establish one element of the crime will influence jury findings as to the other elements is to give careful and thorough jury instruc-

tions." *People v. Fullerton,* 186 *Colo.* 97, 525 *P.*2d 1166, 1168 (1974).

Two years later, the Supreme Court of Hawaii also refused to require a bifurcated trial for a felon-in-possession charge. *State v. Olivera,* 57 *Haw.* 339, 555 *P.*2d 1199 (1976). The court distinguished those trials from bifurcated proceedings where courts impose harsher sentences on recidivists, *id.* at 1203, noting that in the former the prior conviction is an element of the offense rather than merely a sentence enhancer, *id.* at 1204. Therefore, "the previous conviction ... should be pleaded and proven in the State's case in chief in a one stage proceeding." *Ibid.* (citing Oklahoma law); *see also State v. McLaughlin,* 860 *P.*2d 1270, 1274–75 (Alaska Ct.App.1993) (concluding that failure to inform jury of entire felon-in-possession charge may cause jury nullification because jury may not understand criminality of defendant's possession); *Goodall v. United States,* 686 *A.*2d 178, 181 (D.C. 1996) (holding that proper cautionary jury instructions alleviate prejudice arising from joinder of felon-in-possession charge with other charges); *Spearman v. State,* 744 *N.E.*2d 545, 550 (Ind.Ct. App.2001) (relying on federal precedent and holding that "the element of the prior felony cannot be bifurcated from the possession element in a [felon-in-possession] prosecution"); *Carter v. State,* 374 *Md.* 693, 824 *A.*2d 123, 134–36 (2003) (assembling and adopting reasoning of comprehensive collection of cases on bifurcation of criminal-in-possession trials that allow presentation of evidence on all elements of charge); *Williams v. State,* 794 *P.*2d 759, 762 (Okla.Crim.App.1990) (relying on Oklahoma statutory law permitting "a single stage trial when the former felony conviction is an essential element of the offense"); *Essex v. Commonwealth,* 18 *Va.App.* 168, 442 *S.E.*2d 707, 710 (1994) (holding that when prior conviction is element of offense "the probative value of the evidence is necessarily greater than the incidental prejudice to the accused").

The Supreme Court of Minnesota adopted a contrary view in *State v. Davidson,* 351 *N.W.*2d 8 (Minn.1984). There, the defen-

dant wanted to prevent the jury from hearing evidence that he was a convicted arsonist by stipulating to that fact. *Id.* at 9. The trial court denied defendant's motion, stating that it was not authorized "to remove one of the elements of the crime from the jury's consideration." *Ibid.* The Supreme Court of Minnesota concluded that the trial court erred in refusing to accept the defendant's stipulation that he had a prior conviction, but ultimately held that the error was harmless. *Id.* at 12. The court reasoned that the defendant's prior arson conviction had little relevance to the issue of the defendant's possession in the subject case, and "[a]ny limited relevance of the [prior conviction] was clearly outweighed by its potential for unfair prejudice ... [because] the jury [may] find defendant guilty for the wrong reason." *Id.* at 11. The court, however, adopted a rule permitting trial courts hearing felon-in-possession cases to admit evidence regarding a defendant's prior crimes if "the probative value of the evidence outweigh[ed] its potential for unfair prejudice." *Ibid.*; *see also United States v. Mangum*, 100 *F.*3d 164, 171 (D.C.Cir. 1996) (allowing trial court discretion to bifurcate felon-in-possession trial).

## IV.

### A.

■ We are in accord with the majority view that the elements of an offense should be tried in a unitary trial in which prejudice is minimized by appropriate curative jury instructions. The Appellate Division's contrary judgment would change the nature of the charge by removing an element of the crime from the jury in the first trial phase, "leaving the jury in a position only to make findings of fact on a particular element without knowing the true import of those findings." *Gilliam, supra,* 994 *F.*2d at 100–01. It is important that potential jurors be informed during voir dire that a defendant is charged with possession of a weapon by a convicted felon so that they can be questioned adequately concerning wheth-

er the defendant's criminal past would prejudice their ability to determine the possession issue.

Finally, a bifurcation requirement might confuse the jury. As the First Circuit Court of Appeals explained,

> when a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime. The present case is a stark example. Possession of a firearm by most people is *not* a crime. A juror who owns or who has friends and relatives who own firearms may wonder why [the defendant's] possession was illegal. Doubt as to the criminality of [the defendant's] conduct may influence the jury when it considers the possession element.
>
> [*Collamore, supra,* 868 *F.*2d at 28.]

In short, a bifurcated trial might result in an unwarranted case of jury nullification with jurors declining to impose criminal liability for the possession element rather than for the crime of possession of a weapon by a convicted felon.

### B.

 We are mindful of the obvious potential for prejudice that the evidence of a prior felony conviction might have in any case. However, since *Ragland,* our case law has continued to reinforce the principle that appropriate limiting instructions balance the State's efforts to present relevant evidence against a defendant's right to a fair trial. Rather than expand *Ragland* to include the sole charge circumstance, we are satisfied that strong limiting instructions regarding prior-crimes evidence in a unitary trial will protect a defendant against unfair prejudice. *See State v. Manley,* 54 *N.J.* 259, 270, 255 *A.*2d 193 (1969) (observing that jurors are presumed to follow the court's instructions).

We do not share our dissenting colleagues' view that this is a case in which the trial court's "limiting instruction simply was ineffectual." Jurors often are asked to make subtle and difficult distinctions as they discharge their critical function. It is complete speculation for the dissent to conclude that a conscientious jury was unable to do so here, and we decline to fashion a rule of law on that basis. Moreover, if we accept the dissent's rationale

in this case, prosecutions based on other statutes might require bifurcation.

Hence, we are satisfied that parsing the elements of the offense here to remove entirely the element of a prior conviction in the first stage of a bifurcated trial would give jurors a stilted picture contrary to what our case law requires. The better approach, and an approach more in keeping with the Legislature's design of the statute, is to keep *N.J.S.A.* 2C:39–7b intact in a unitary proceeding so long as an appropriate limiting instruction is given to reduce the risk of undue prejudice tainting the jury's work.

C.

We also find that any potential for prejudice can be ameliorated by the sanitization of the predicate offense. *See Old Chief v. United States,* 519 *U.S.* 172, 117 *S.Ct.* 644, 136 *L.Ed.*2d 574 (1997). In *Old Chief,* the defendant was charged with possession of a firearm by a convicted felon, in violation of a federal statute. *Id.* at 174–75, 117 *S.Ct.* at 647–48, 136 *L.Ed.*2d at 584. Before trial, the defendant offered to stipulate to the prior-conviction element to prevent the government from presenting evidence concerning the nature and type of prior conviction. *Id.* at 175, 117 *S.Ct.* at 647–48, 136 *L.Ed.*2d at 584–85. The district court rejected the defendant's offer to stipulate to his prior felony conviction, and on appeal, the Ninth Circuit Court of Appeals affirmed, concluding that, "the government is entitled to prove a prior felony offense through introduction of probative evidence." *Id.* at 177, 117 *S.Ct.* at 649, 136 *L.Ed.*2d at 586.

The United States Supreme Court reversed. The Court held that when the prosecution must prove felony-convict status as an element of a crime charged, "[t]he most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that . . . bar a convict from possessing a gun, and this point may be readily made in a defendant's admission and under-scored in the court's jury instructions." *Id.* at 190–91, 117 *S.Ct.* at 655, 136 *L.Ed.*2d at 594. The Court also opined that in analyzing

the probative value of a defendant's stipulation against the "concededly relevant" evidence of a record of conviction, a stipulation is conclusive evidence of the prior-conviction element when felon status is all that the government needs to prove. *Id.* at 186, 117 *S.Ct.* at 653, 136 *L. Ed.*2d at 591. Thus, evidence of the name and nature of the prior-conviction has no probative value in those limited situations where proving felon status is the only evidentiary purpose for admitting prior-conviction evidence. *Ibid.* at 185, 117 *S.Ct.* at 652, 136 *L.Ed.*2d at 591. However, the Court reaffirmed that under ordinary circumstances, a defendant's offer to stipulate does not preclude using evidence of the name and nature of a prior conviction if there is any other purpose for its admission. *Id.* at 191, 117 *S.Ct.* at 655, 136 *L. Ed.*2d at 594–95.

■ Therefore, if defendant stipulates to the offense, the jury need be instructed only that defendant was convicted of a predicate offense. If the defendant does not stipulate, then the trial court should sanitize the offense or offenses and limit the evidence to the date of the judgment.

## D.

■ Here, the trial court took appropriate measures to ensure defendant would receive a fair trial. First, the court inquired of the prospective jurors whether defendant's status as a convicted felon would affect their ability to be fair and impartial in determining the possession of a weapon offense. Second, defendant's prior conviction was sanitized by defendant's stipulation that he fell within the class of persons not permitted to possess a weapon under the statute. Thus, the jury was not informed of any specifics regarding defendant's prior conviction. Moreover, during summation both defendant and the prosecutor focused on the issue of possession rather than the prior conviction. Lastly, the trial court gave an adequate limiting instruction, emphasizing that the jury could not use defendant's prior conviction to infer that he more than likely possessed the weapon in the current offense.

We conclude that the trial court properly tried the sole count of possession of a weapon by a convicted person without bifurcation of the elements of that offense.

## V.

We reverse and remand to the Appellate Division to consider defendant's remaining arguments that were not considered on direct appeal.

Justice ALBIN, dissenting.

In exercising our supervisory responsibilities over the practice and procedure of the courts, our goal must be to design rules that make trials not only efficient, but also fair. The Court's ruling forbidding the bifurcation of issues in a case involving possession of a weapon by a convicted person sacrifices fairness without any measurable increase in efficiency, and renders toothless our decision in *State v. Ragland,* 105 *N.J.* 189, 519 *A.*2d 1361 (1986). For that reason, I dissent and add these words to the well-reasoned opinion of the Appellate Division, which the Court today overrules.

A Monmouth County Grand Jury indicted Kevin Brown with possession of a handgun without having a carrying permit, *N.J.S.A.* 2C:39-5b (a third-degree crime), and possession of a firearm by a person previously convicted of a crime, *N.J.S.A.* 2C:39-7b (a second-degree crime). The only contested issue was whether Brown, in fact, possessed the weapon. Brown did not deny that he had a prior criminal conviction. Over the State's objection, the trial court ordered that the possession charge be tried first to keep Brown's prior conviction from prejudicing the jury's fair consideration of that issue. Displeased with that ruling, the State moved to dismiss the possession charge and, in granting that motion, the court bowed to the State's authority to decide which charges to prosecute. The State then successfully resisted Brown's motion to bifurcate the trial on the charge of possession of a weapon by a convicted person, which would have allowed the

possession element to be resolved before the jury learned of Brown's criminal conviction.

The State must have concluded that its chance of securing a conviction increased exponentially if the jury heard that Brown was a convict. The State apparently understood the prejudicial impact that such evidence would have on the minds of the jurors. It apparently understood that no juror would consider the issue of possession free of the taint of the conviction.

In our jurisprudence we must indulge the notion that limiting instructions can be followed in certain circumstances. However, as Justice Brennan recognized in *Bruton v. United States*, "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." 391 *U.S.* 123, 135, 88 *S.Ct.* 1620, 1627, 20 *L.Ed.*2d 476, 485 (1968). This is one such case in which the trial court's limiting instruction simply was ineffectual. The use of limiting instructions is a necessary device to cushion the impact of evidence that is relevant and admissible, but also highly prejudicial. *Id.* at 135, 88 *S.Ct.* at 1627, 20 *L.Ed.*2d at 484–85. Clearly, the better way, whenever possible, is to remove the prejudice entirely. *Id.* at 133–34, 88 *S.Ct.* at 1626–27, 20 *L.Ed.*2d at 483–84. That simple end could have been achieved by a bifurcated trial—by having the State prove possession of the gun first and, if the jury found that element beyond a reasonable doubt, then having the State prove that Brown had a criminal—conviction a point he did not dispute.

The Appellate Division reversed Brown's conviction because the trial court did not bifurcate the issues at trial, resting its decision on our opinion in *Ragland.* The panel realized the futility of the limiting instruction, which told the jury that, on the one hand, Brown was convicted of a crime and, on the other hand, that it should not infer from that fact that he is "a bad person" or "that he must have committed [the present offense]." The mental gymnastics required of jurors in this case to regard only for some

limited purpose the most inflammatory piece of evidence burned in their memory—strains the power of human reason and the good faith of the best-intentioned juror. *Id.* at 134 n. 8, 88 *S.Ct.* at 1627 n. 8, 20 *L.Ed.*2d at 483 n. 8 (quoting *Nash v. United States*, 54 *F.*2d 1006, 1007 (2nd Cir.) (Hand, J.), *cert. denied*, 285 *U.S.* 556, 52 *S.Ct.* 457, 76 *L.Ed.* 945 (1932)). The panel also realized that there was a more equitable way to try the case that would have vindicated both the State's and defendant's right to a fair trial. That fair-minded approach was articulated by Chief Justice Wilentz in *Ragland.*

In *Ragland, supra,* this Court stated that when a defendant is charged with both unlawful possession of a weapon without a permit and possession of a weapon by a convicted person, "[t]he two charges must be tried separately since proof that defendant was a convicted felon (required in the trial of the latter charge) clearly tends to prejudice the jury in considering the former." 105 *N.J.* at 193, 519 *A.*2d at 1363. The Court noted that "[t]he charges are severed for the protection of the defendant. Severance is customary and presumably automatic where it is requested because of the clear tendency of the proof of the felony conviction to prejudice trial of the separate charge of unlawful possession of a weapon." *Id.* at 194, 519 *A.*2d at 1363.

There is no reason not to apply the *Ragland* rationale to this case. All that distinguishes the above formulation in *Ragland* from the present case is that here the possession of the weapon and the prior criminal conviction are elements of the same offense. This Court did not find it acceptable to allow a prior criminal conviction to prejudice consideration of a gun possession charge in *Ragland.* I do not see any reason why the Court should do so here. The practical effect of the Courts decision is that in a close case, in order to elude the requirements of *Ragland,* the State will never again charge a defendant in a two-count indictment with possession of a firearm and possession of a firearm by a convicted person.

The trial court could have proceeded in two steps with the use of special interrogatories, a device that is not foreign to our jurisprudence. The trial court could have advised the jury that Brown was charged with unlawfully possessing a handgun and that there were two issues for its consideration. The Court could have explained that the jury would first determine whether Brown actually or constructively possessed the handgun and, if it found that he did, then the second issue would be presented for its consideration. I fail to see the unfairness to the State if it first had to prove that Brown possessed the handgun, without introduction of the criminal conviction. Brown's criminal conviction was not relevant to the question whether he possessed the weapon, but it had the clear capacity to prejudice a fair answer to that question.

The Court states that a shortcoming in this approach is that the trial court cannot *voir dire* the jury on the prior criminal conviction. However, that was a choice for defendant and not a difficult one at that because he was willing to stipulate to the conviction.

The Court takes the beaten path, the path followed by a number of other jurisdictions. It is not, in my estimation, a path that leads to a fair resolution of the issues in this case. The out-of-state cases cited by the Court are entitled to our thoughtful consideration, but nothing more, unless they persuade. I am not persuaded that trying the issue of possession separately from the prior conviction however—novel it may be when applied to a single charge—is impractical or inconsistent with our jurisprudence. I am persuaded—particularly in a case in which the evidence is closely poised, as here—that a two-step trial is the approach most in keeping with the fair administration of justice. For that reason, I respectfully dissent.

Justice ZAZZALI joins in this dissent.

*For reversal and remandment*—Chief Justice PORITZ and Justices VERNIERO, LaVECCHIA, and WALLACE—4.

*For affirmance*—Justices ZAZZALI and ALBIN—2.