NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1872-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

HASSAN E. BEY,

 Defendant-Appellant.
__________________________

 Submitted April 25, 2017 - Decided June 8, 2017

 Before Judges Reisner and Mayer.

 On appeal from the Superior Court of New
 Jersey, Law Division, Hudson County,
 Indictment No. 14-07-1246.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Tamar Lerer, Assistant Deputy
 Public Defender, of counsel and on the brief).

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent (Eric P. Knowles,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Hassan E. Bey appeals from his conviction by a jury

for second-degree possession of a firearm by a convicted person.
N.J.S.A. 2C:39-7(b). He also appeals from the sentence of ten

years, half to be served without parole.1

 On this appeal, defendant presents the following points of

argument:

 POINT I

 THE OFFICER'S TESTIMONY THAT DEFENDANT
 "POSSESSED" A GUN WAS INAPPROPRIATE ULTIMATE-
 ISSUE TESTIMONY, UNHELPFUL TO THE JURY, AND
 HIGHLY PREJUDICIAL. ITS ADMISSION
 NECESSITATES REVERSAL OF DEFENDANT'S
 CONVICTION. (Not Raised Below)

 POINT II

 THE FAILURE TO INSTRUCT THE JURY THAT IT COULD
 NOT CONSIDER THAT DEFENDANT HAD COMMITTED A
 PREDICATE OFFENSE AS EVIDENCE OF HIS
 PROPENSITY TO COMMIT CRIMES OR OF HIS BAD
 CHARACTER VIOLATED HIS RIGHTS TO DUE PROCESS
 AND A FAIR TRIAL AND NECESSITATES REVERSAL OF
 HIS CONVICTION. (Not Raised Below)

 POINT III

 THE FAILURE TO ISSUE ANY INSTRUCTION ON
 IDENTIFICATION NECESSITATES REVERSAL OF
 DEFENDANT'S CONVICTION. (Not Raised Below)

 POINT IV

 THE TRIAL JUDGE ERRED IN TELLING THE JURORS
 THEY COULD NOT USE A LACK OF EVIDENCE IN
 REACHING THEIR VERDICT.

1
 After his conviction on the weapons charge, defendant pled guilty
to possession of a controlled dangerous substance (CDS), N.J.S.A.
2C:35-10(a)(1), for which he received a three-year sentence
concurrent to that imposed on the weapons conviction. However,
defendant is not appealing from the CDS conviction or sentence.

 2 A-1872-15T3
 POINT V

 DEFENDANT'S SENTENCE OF TEN YEARS WITH A FIVE-
 YEAR PAROLE DISQUALIFIER IS MANIFESTLY
 EXCESSIVE.

 After reviewing the record, we find no plain error or other

basis to disturb the verdict. Nor do we find any abuse of

discretion or other error in the sentence. Accordingly, we affirm.

 I

 In light of the legal issues raised, the pertinent trial

evidence can be summarized as follows. At about 2:10 a.m., Officer

Kilroy and his partner were driving on patrol in an area of Jersey

City near Rutgers Avenue. The officers heard a booming gunshot,

which sounded like it came from a large caliber weapon, and they

drove in the direction of the sound. As they approached Rutgers

Avenue, the driver of a black Audi parked on the street began

"frantically" sounding the car horn as though trying to warn

someone. Officer Kilroy then spotted three men walking quickly

down the avenue. The men began walking faster when they saw the

police car.

 According to Kilroy, the first man wore a red jacket and the

second man wore a black jacket.2 The third man wore dark clothing.

2
 Due to an agreement between the State and the defense, reached
before the trial started, Officer Kilroy did not testify that he
already knew defendant. The defense asked that the State refrain

 3 A-1872-15T3
Kilroy testified that the first two men were both walking as though

they were "holding something in their hand[s]." As the men turned

to look at the police car, Kilroy saw that two of the men were

each holding "a black metallic object in their hand" which he

believed was "a long gun." As the officers continued to drive

along the street, Kilroy saw the man in the red jacket crouch down

and "discard the item in his hand" under "a blue Dodge Neon." He

also saw the man in the black jacket discard a gun under a nearby

tan car.3 In the courtroom, Kilroy identified defendant as the

man in the red jacket who discarded the gun under the blue car.

 After the men discarded the guns, Kilroy and his partner

attempted to arrest them. The men fled, but were arrested after

a brief chase. As Kilroy was chasing defendant, a back-up officer,

who had been called to the scene, was able to cut off defendant's

from presenting that testimony to avoid possibly giving the jury
the impression that Kilroy had previously arrested defendant. For
that reason, at the request of the defense, the prosecutor had
Kilroy identify defendant and his companions by the color of their
clothing.
3
 During his direct testimony, Kilroy explained that in his police
report and his Grand Jury testimony, he mistakenly referred to
defendant having placed a shotgun under the tan car and the other
man having placed a gun under the blue car. He also explained
that he recently realized the mistake when he compared the report
with the crime scene photos and noticed that his report referred
to defendant having placed a shotgun under a car parked at a
specific address on Rutgers Avenue. The photos showed that the
blue car was parked at that address.

 4 A-1872-15T3
escape route and arrest him. According to Kilroy, he had defendant

in his sight the entire time until he was apprehended.

 Once defendant and the co-defendant in the black jacket were

under arrest, Kilroy and his partner went back to search for the

guns. They found the two shotguns under the Blue Neon and the tan

car. The State also presented testimony from Officer Egan, who

physically removed the two shotguns from under the cars. A third

police witness confirmed that the guns were operable.

 The defense rested without presenting any evidence or

witnesses.

 II

 Addressing defendant's first point, we find no error in

Officer Kilroy's testimony, given without objection, that

defendant "possessed" the shotgun. Unlike State v. McLean, 205

N.J. 438 (2011), this is not a case where the jury was being asked

to infer from circumstantial evidence that defendant committed a

crime, for example, by inferring that defendant was selling drugs

because an officer saw defendant hand an individual two small

objects and receive cash in return. Id. at 463. In that context,

it would be inappropriate for a police officer to give his opinion

"that the transaction he or she saw was a narcotics sale." Id.

at 461.

 5 A-1872-15T3
 In this case, Kilroy's testimony did not impermissibly offer

an opinion as to an inference that the jury should have been left

to draw from the evidence. The officer testified that he

personally observed defendant walking down Rutgers Avenue carrying

a long gun, and saw him discard the gun under the blue Neon. In

that context, it was not inappropriate to use the word "possessed."

State v. Cain, 224 N.J. 410 (2016), is not on point here. In that

case, a police witness improperly gave an opinion as to the

defendant's state of mind, by testifying that he "possessed" drugs

"with intent" to distribute them to others. Id. at 420. Here,

Kilroy was not using the term "possessed" as a legal term of art,

and he did not refer to defendant's intent; he was simply

describing what he saw defendant carrying. In his reply brief,

defendant contends that the words "held" or "carried" would have

been better terms. On this record, the argument is without

sufficient merit to warrant discussion. R. 2:11-3(e)(2).

 II

 Next, defendant argues that the trial court failed to give

the jury a limiting instruction concerning the predicate offense.

We review this claim for plain error, because no objection was

raised at trial. R. 1:7-2; R. 2:10-2. We agree with defendant

that the trial court should have given the limiting instruction,

 6 A-1872-15T3
but in the context of this case we find no plain error. See State

v. Macon, 57 N.J. 325, 337-38 (1971).

 Among the several sections of the Model Charge on possession

of a weapon by a convicted person, is a paragraph instructing the

jury as to the limited use for which they may consider evidence

that defendant committed a predicate offense:

 [Charge in case which is based upon
 defendant's prior conviction]

 Normally evidence [of defendant’s prior
 conviction(s)] or [of the predicate
 offense(s)] is not permitted under our rules
 of evidence. This is because our rules
 specifically exclude evidence that a defendant
 has committed prior crimes when it is offered
 only to show that he/she has a disposition or
 tendency to do wrong and therefore must be
 guilty of the present offense. However, our
 rules do permit evidence of prior crimes when
 the evidence is used for some other purpose.

 In this case, the evidence has been
 introduced for the specific purpose of
 establishing an element of the present
 offense. You may not use this evidence to
 decide that defendant has a tendency to commit
 crimes or that he/she is a bad person. That
 is, you may not decide that, just because the
 defendant has committed [a] prior crime[s],
 he/she must be guilty of the present crime[s].
 The evidence produced by the State concerning
 [a] prior conviction[s] is to be considered
 in determining whether the State has
 established its burden of proof beyond a
 reasonable doubt.

 [Model Charge (Criminal), Certain Persons Not
 to Have Any Firearms, N.J.S.A. 2C:39-7(b)(1).]

 7 A-1872-15T3
 That type of limiting instruction is not unique to this

weapons possession charge. It derives from the recognition of the

prejudice that may result whenever a jury learns that a defendant

has previously committed a crime. See State v. Cofield, 127 N.J.

328, 340-41 (1992); N.J.R.E. 404(b) (evidence of a defendant's

prior crimes or bad acts may not be introduced as evidence of the

defendant's propensity to commit crimes). There is no exception

to that rule where a defendant stipulates that he committed a

predicate offense for purposes of N.J.S.A. 2C:39-7(b), and the

Model Charge contains no such exception. In fact, the limiting

instruction portion of the Model Charge follows directly after the

section setting forth the charge to be used where a defendant

stipulates to the predicate offense.4

 In State v. Brown, 180 N.J. 572, 582 (2004), the Court held

that a prosecution under N.J.S.A. 2C:39-7(b) need not be bifurcated

4
 We note, however, that the Model Charge as to both N.J.S.A.
2C:39-7(a) and -7(b) may be confusing to judges and attorneys in
the way it is organized. In particular, after the paragraph on
"Joint Possession," an instruction appears to "[Choose the
appropriate next paragraph from the following three]" relating to
methods of proving a prior conviction. However, there are actually
four paragraphs after this instruction, with the limiting
instruction appearing as the third paragraph. Moreover, there is
no "[OR]" preceding the fourth paragraph, which states the third
alternative charge concerning proof of a prior conviction.
Additionally, as this opinion makes clear, the limiting paragraph
must be read to the jury regardless of whether a defendant
stipulates to the predicate offense.

 8 A-1872-15T3
into a trial on whether a defendant possessed a weapon, followed

by a trial on whether the defendant had a prior conviction.

Instead, "the elements of an offense should be tried in a unitary

trial in which prejudice is minimized by appropriate curative jury

instructions." State v. Brown, supra, 180 N.J. at 582. The Court

emphasized that "an appropriate limiting instruction" must be

"given to reduce the risk of undue prejudice tainting the jury's

work." Id. at 584.

 Although we agree with defendant that it was error to omit

the limiting instruction, we do not find that the omission of the

charge had the clear capacity to produce an unjust result. R.

2:10-2. In light of the overwhelming evidence of defendant's

guilt, it is unlikely that the instruction would have made a

difference to the jury's verdict. See Macon, supra, 57 N.J. at

337-38.

 III

 Defendant's next two points are without merit and warrant

little or no discussion. Defendant did not request an

identification charge, and thus we review the issue for plain

error. See R. 1:7-2; R. 2:10-2. We find no error, much less

plain error, in the trial court's failure to sua sponte give the

charge, because there was no issue as to defendant's identity or

his presence at the scene. See State v. Cotto, 182 N.J. 316, 325-

 9 A-1872-15T3
26 (2005). Although the jury was not told that Office Kilroy knew

defendant, the circumstances the jury did hear made

misidentification highly unlikely. The witness was a trained

police officer, who saw a man wearing a red jacket carrying a gun

and saw him discard the gun. The same man with the red jacket was

arrested shortly thereafter, not far from the scene, and the gun

was found under the car. The chances of misidentification were

minimal.

 We find no error in the judge's response to the jury's

questions about evidence that was not presented to them. This

point is without sufficient merit to warrant discussion in a

written opinion. R. 2:11-3(e)(2).

 IV

 Finally, we find no error in the sentence. In light of

defendant's extensive criminal record, which included a prior

weapons offense, we find no abuse of discretion or other error in

the court imposing a ten-year term. See State v. Case, 220 N.J.

49, 64 (2014). The five years of parole ineligibility was

mandatory for this conviction. See N.J.S.A. 2C:39-7(b)(1). The

court also rejected the State's request to impose a consecutive

term for a third-degree drug charge, for which defendant was

sentenced at the same time. Instead, the court imposed the minimum

three-year term and made it concurrent to the ten-year sentence.

 10 A-1872-15T3
Affirmed.

 11 A-1872-15T3