**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1798-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAHEEM H. ROGERS,

    Defendant-Appellant.

_____

Submitted September 26, 2017 — Decided October 17, 2017

Before Judges Reisner and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Salem County, Indictment No.
14-12-0662.

Joseph E. Krakora, Public Defender, attorney
for appellant (Marcia Blum, Assistant Deputy
Public Defender, of counsel and on the
brief).

John T. Lenahan, Salem County Prosecutor,
attorney for respondent (Derrick Diaz,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Defendant Raheem Rogers appeals from his conviction for

certain persons not to have weapons (certain persons), N.J.S.A.

2C:39-7(b). Defendant contends the trial judge committed reversible error by failing to instruct the jury that he stipulated to the predicate offense for the certain persons charge, and instead admitting an unsanitized judgment of conviction (JOC) into evidence. Defendant further contends that his constitutional right to a fair trial and effective assistance of counsel were violated. We disagree and affirm.

On September 4, 2014, three Salem police officers were patrolling in an unmarked police car. One of the officers, Detective Richard Ware, saw defendant walking down the street. Ware recognized defendant from prior contacts with law enforcement, and stopped the car to arrest defendant on an outstanding warrant.

According to Ware, defendant bent at the waist and reached toward his waistband while disobeying instructions to stop and show his hands. When told he was under arrest, defendant attempted to flee. Ware followed and caught defendant. While wrapping his arms around defendant, Ware felt a metallic object strike his hand. While taking defendant to the ground, Ware heard the sound of metal striking the pavement. Ware alerted his fellow officers to what he believed was the sound of a gun striking the ground. Investigator Ray-DiGregorio, a fellow officer at the scene, saw and heard a gun slide across the concrete away from defendant.

Ray-DiGregorio secured the gun. At trial, evidence indicated the gun was operable and capable of discharge. Defendant did not have a permit to purchase or carry the gun.

On December 3, 2014, a Salem County grand jury returned Indictment No. 14-12-0662, charging defendant with fourth-degree resisting arrest in violation of N.J.S.A. 2C:29-2(a) (Count 1), and fourth-degree tampering with evidence in violation of N.J.S.A. 2C:28-6(1) (Count 2); third-degree receiving stolen property in violation of N.J.S.A. 2C:20-7 (Count 3); second-degree unlawful possession of a firearm in violation of N.J.S.A. 2C:39-4(a) (Count 4); second-degree unlawful possession of an unlicensed handgun in violation of N.J.S.A. 2C:39-5(b) (Count 5), and second-degree certain persons not to have weapons in violation of N.J.S.A. 2C:39-7(b) (Count 6).

Before jury selection, the State indicated that defendant stipulated to the JOC for the certain persons charge. During the charge conference, counsel again discussed defendant's stipulation to the JOC for the certain persons charge and confirmed that the JOC would be given to the jury. The JOC established that defendant was previously convicted of distributing cocaine.

The case proceeded as a bifurcated trial. The judge reserved the certain persons charge to be determined by the same jury after the jury rendered a verdict on the other charges. On August 13,

2015, the jury returned a verdict on Counts One through Five, acquitting defendant of tampering with evidence and convicting him of resisting arrest and unlawful possession of a weapon.

Thereafter, the judge immediately proceeded to the second phase of the trial on the certain persons charge. The judge charged the jury that one element of the certain persons charge is that defendant had "been convicted of the crime of the third degree, distribution of cocaine," precluding him from possessing a weapon under N.J.S.A. 2C:39-7(b).

During the second phase of the trial, the prosecutor told the jury that defendant stipulated to his prior conviction of "the predicate offense, a third degree offense . . . that would trigger the Certain Persons Not to Have Weapons" charge. The prosecutor also moved to admit the JOC for defendant's prior offense, stating that defendant stipulated to the admissibility of the document. Defense counsel agreed that defendant stipulated to the document, and the JOC was admitted into evidence. The judge then instructed the jury that the document was a certified judgment of conviction to which the parties had stipulated and arguably established that defendant had a prior conviction that would trigger the certain persons offense. Neither party objected to the stipulation as expressed by the judge. Nor did the parties discuss whether the JOC admitted into evidence needed to be sanitized.

In charging the jury on the certain persons offense the judge instructed them to disregard their verdict from the first phase of the trial and consider the evidence anew. The judge reminded the jury that defendant was "entitled to the presumption of innocence" on the certain persons charge. The jury was instructed that to find defendant guilty, each of the following elements had to be "proven by the State beyond a reasonable doubt": (1) Exhibit S-1 was a firearm; (2) defendant purchased, owned, possessed, or controlled the firearm; and (3) defendant was previously convicted of a predicate offense under the statute.

As to the third element, the judge told the jury that evidence of a defendant's prior convictions is usually not permitted under the rules of evidence, but where the prior conviction is being introduced to establish an element of a crime, it is permissible. The judge also instructed the jury that evidence of the prior conviction may not be considered to establish that defendant has poor character or a tendency to commit crimes, and therefore likely committed the present crime:

> In this case, the evidence has been introduced for the specific purpose of establishing an element of the present offense.
>
> You may not use this evidence to decide that Raheem Rogers has a tendency to commit crimes or that he is a bad person. That is, you may not decide that just because Mr. Rogers has

committed a prior crime, he must be guilty of the present crimes.

The jury was given the JOC to review during deliberations. The JOC not only listed the crime to which defendant stipulated for the certain persons charge, it also contained other charges against defendant which were dismissed, and disclosed that defendant was sentenced to three years on the prior drug distribution conviction. The unsanitized JOC also listed the aggravating factors considered by the court in sentencing defendant for the prior offense.

The jury convicted defendant on the certain persons charge. The judge imposed a five-year sentence with a five-year period of parole ineligibility on that charge, and a lesser term of imprisonment for the resisting arrest and unlawful possession of a weapon convictions, to run concurrent to the sentence on the certain persons conviction.

Defendant raises the following argument on appeal:

> INSTEAD OF LIMITING ITS INSTRUCTION ON THE CERTAIN-PERSONS GUN CHARGE TO INFORMING THE JURY THAT DEFENDANT HAD STIPULATED THAT HE HAD THE PREDICATE CONVICTION, THE COURT GAVE THE JURY THE UNSANITIZED JUDGMENT OF CONVICTION FOR THE PREDICATE OFFENSE, WHICH CONTAINED THE FULL RECORD OF THE PRIOR INDICTMENT, CONVICTION, AND SENTENCE. (Not Raised Below).

A-1798-15T2

Although not expressly stated in his single point heading, defendant raises two arguments on appeal. First, defendant argues that the judge erred in failing to charge the jury that he stipulated the predicate offense, and should not have admitted the JOC in evidence. Second, he argues that the judge should have sanitized the JOC before admitting it into evidence. Defendant argues that admission of the unsanitized JOC violated his constitutional right to a fair trial and effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments.

To challenge a jury instruction, or the absence of an instruction, on appeal, the party must object during the trial before the jury begins deliberations. R. 1:7-2. Where a party fails to object to an instruction at trial, the appellate court may only notice "plain error" that is "clearly capable of producing an unjust result." R. 2:10-2; see also State v. Feaster, 156 N.J. 1, 40 (1998). To vacate a conviction, the error must have "made it easier for the State to get a conviction." State v. Docaj, 407 N.J. Super. 352, 362 (App. Div.), certif. denied, 200 N.J. 370 (2009). The possibility of an unjust result must be "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." State v. Taffaro, 195 N.J. 442, 454 (2008) (quoting State v. Macon, 57 N.J. 325, 336 (1971)).

There is no plain error if the charge did not have the "capacity to lead the jurors astray," and the jurors were clearly instructed on how to use the evidence during deliberations. State v. Miller, 205 N.J. 109, 127 (2011) (citation omitted). We likewise apply the plain error rule to the introduction of evidence, where the defendant raised no objection. See R. 2:10-2.

Although defendant agreed to the admission of the JOC in evidence, had he not agree, his stipulation would have sufficed without introduction of the JOC. See State v. Brown, 180 N.J. 572, 585 (2011) (citing Old Chief v. United States, 519 U.S. 172, 186, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997)). We agree with defendant that, before admitting the JOC into evidence for the jury's consideration, the judge should have sanitized the document. However, we find this error to be harmless as it did not produce an unjust result that requires vacating defendant's conviction. The judge gave the jury an appropriate limiting instruction concerning the JOC, and on this record the result would have been the same even if the JOC had been sanitized.

Defendant's remaining arguments, including his claim of ineffective assistance of counsel, are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                A-1798-15T2