**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3515-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HANIF HOPSON,

    Defendant-Appellant.

_____

Submitted October 5, 2020 – Decided November 20, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-03-0421.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Lillian Kayed, Assistant Prosecutor, on the brief).

Appellant filed a pro se brief.

PER CURIAM

Defendant Hanif Hopson appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm in part and vacate and remand in part.

Defendant was convicted in 2014 by a jury of committing second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7(b). The sentencing court imposed a prison term of fifteen years under N.J.S.A. 2C:43-7(a)(3), subject to seven and a half years of parole ineligibility under N.J.S.A. 2C:43-6(c).

Defendant appealed and we affirmed his conviction and sentence in an unpublished opinion. State v. Hopson, No. A-4678-15 (App. Div. Oct. 3, 2017). On direct appeal, defendant argued, among other things,[1] that the trial court

_____

[1] As we described in our earlier opinion, defendant argued the following four points:

POINT I

THE COURT SHOULD REVERSE AND REMAND FOR A NEW TRIAL BECAUSE OF THE PROSECUTOR'S ELEVENTH-HOUR DISMISSAL OF THE OTHER CHARGES TO BE TRIED, WHICH ALLOWED THE PROSECUTOR TO SUDDENLY INTRODUCE BEFORE THE JURY THE FACT THAT DEFENDANT WAS A "PREDICATE FELON," THE INTRODUCTION OF "OTHER CRIMES OR WRONGS" EVIDENCE AGAINST DEFENDANT THAT WAS NOT AT ISSUE BEFORE THE JURY BELOW, AND THE ALLOWANCE OF

improperly permitted the State to dismiss the first four counts of the indictment, allowing the State to introduce evidence that he had committed a predicate offense, had engaged in other wrongs, and had previous encounters with the police. Id. at 3–4. In affirming, we rejected defendant's arguments and concluded they lacked sufficient merit to warrant discussion in a written

TESTIMONY AT TRIAL TELLING THE JURY THAT TESTIFYING POLICE OFFICERS HAD HAD "PREVIOUS ENCOUNTERS" AND "OTHER INCIDENTS" WITH DEFENDANT BEFORE THE INCIDENT IN QUESTION.

POINT II

THE PROSECUTOR WENT BEYOND FAIR COMMENT ON THE EVIDENCE AND DEPRIVED DEFENDANT OF A FAIR JURY TRIAL BY TELLING THE JURY THAT IN ORDER TO FIND THE DEFENDANT NOT GUILTY THEY WOULD HAVE TO FIND THAT ALL THE POLICE OFFICERS ENGAGED IN A CONSPIRACY TO LIE.

POINT III

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR ACQUITTAL.

POINT IV

DEFENDANT'S SENTENCE IS IMPROPER AND EXCESSIVE.

3

opinion. Id. at 4–11. The Supreme Court denied defendant's ensuing petition for certification. State v. Hopson, 232 N.J. 485 (2018).

The facts underlying defendant's convictions are set forth in our earlier opinion and need not be repeated here. See Hopson, slip op. at 2–4. Suffice to say for our purposes here that in 2014 defendant, who had been previously convicted of a felony, tossed a handgun away while he was being pursued on foot by police officers. Defendant was eventually apprehended, the gun was retrieved, police arrested him, and a grand jury charged him in a five-count indictment with various offenses including the second-degree certain persons offense. Prior to the commencement of the trial, the trial court granted the State's motion to dismiss all of the counts of the indictment except the one certain persons offense.

On April 10, 2018, defendant filed a PCR petition in which he again challenged the dismissal of the other counts of the indictment and the State's playing of an audio tape of a "dispatch recording," and he argued that he received the ineffective assistance of counsel (IAC) of trial and appellate counsel. As to trial counsel, he argued that his attorney failed to secure discovery or subpoena "police officers involved in the investigation" of his case. As to appellate counsel, he contended that his attorney failed to raise various issues relating to

A-3515-18T4

"prosecutorial abuse," and the trial court's admission of prejudicial evidence "without first holding a N.J.R.E. 104 hearing."

In a brief filed by PCR counsel, defendant raised additional claims: (1) that his claims for PCR were not barred by Rule 3:22 because his claims assert constitutional issues arising under the United States Constitution and the New Jersey Constitution, (2) that he had "provided prima facie proof" that he had received IAC at trial, (3) that he received IAC on direct appeal, and (4) that he was entitled to an evidentiary hearing on these claims. The brief also incorporated by reference the contentions raised in defendant's earlier brief.

Defendant filed another supplemental brief in which he again highlighted the alleged error in the dismissal of the indictment's first four counts. He also explained how under State v. Brown, 180 N.J. 572 (2004), the dismissal was prejudicial and that his attorneys failed to take appropriate action in response to the State's motion at trial and failed to pursue the issue on appeal.

The PCR judge denied defendant's petition by order dated January 24, 2019. In a comprehensive written decision that accompanied her order, the judge identified the issues before her as trial "counsel['s] failure[e] to argue against the dismissal of the first four counts" and "counsel [not being] prepared to try the certain person offense." As to appellate counsel, the judge stated

defendant's claim was he received IAC when counsel "failed to fully argue his case on . . . dismissing of the first four counts–taking away [d]efendant's right to a bifurcated trial" under Brown.

The judge initially concluded that under Rule 3:22-5, defendant's arguments relating to the dismissal were procedurally barred because we already decided on direct appeal that the issues lacked merit. Id. at 3–4. Nonetheless, the PCR judge addressed in detail defendant's arguments arising from the dismissal and found no merit to any of defendant's contentions as to IAC relating to either trial counsel's or appellate counsel's performance when dealing with the dismissal of the first four counts of the indictment. Id. at 4–6. As to those claims, the PCR judge concluded that defendant failed to meet the requirement for establishing a prima facie claim of IAC under Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987). Id. at 6–9. For that reason, the judge concluded under State v. Marshall, 148 N.J. 89, 158 (1997) and State v. Preciose, 129 N.J. 451, 462–63 (1992), that defendant was not entitled to an evidentiary hearing. This appeal followed.

On appeal, defendant argues the following points in a brief filed by counsel:

POINT I

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ADEQUATELY CHALLENGE THE STATE'S MOTION TO DISMISS COUNTS ONE–FOUR, AND THAT HIS APPELLATE ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO RAISE ISSUES OF PROSECUTORIAL ABUSE AND PREJUDICIAL EVIDENCE.

POINT II

THE PCR COURT ERR[]ON[E]OUSLY RULED THAT [DEFENDANT'S] CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE STATE'S MOTION TO DISMISS WAS PROCEDURALLY BARRED.

POINT III

THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON [DEFENDANT'S] PRO SE CLAIMS THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO SECURE COMPLETE DISCOVERY AND SUBPOENA WITNESSES. (NOT RAISED BELOW).

In a supplemental brief defendant filed pro se, he raises the following additional arguments that we have renumbered:

POINT [IV]

THE PCR COURT ERRED BY NOT ADDRESSING DEFENDANT'S PRO SE SUBMISSION/CLAIM OF AN ABUSE OF DISCRETION PROSECUTORIAL AND OR JUDICIAL. (RAISED BELOW).

POINT [V]

BECAUSE [DEFENDANT] WAS NOT CONVICTED OF THE FIRST FOUR COUNT[S] OF THE INDICTMENT, HE WAS NOT A CONVICTED PERSON FOR THE PURPOSE OF SATISFYING THE THIRD ELEMENT OF THE CERTAIN PERSON CHARGE. (PARTIALLY RAISED BELOW).

POINT [VI]

PCR COU[]RT ERRED IN NOT FINDING INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL. (PARTIALLY RAISED BELOW).

We have considered these arguments and conclude that as to defendant's contentions as stated in Points I, II, and IV–VI, that again relate to the State 's dismissal of the indictment's first four counts, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm the denial of PCR as to those contentions substantially for the reasons stated by the PCR judge in her cogent January 24, 2019 written decision.

However, we do find merit to defendant's argument in Point III that the PCR judge overlooked defendant's arguments as to IAC arising from trial

counsel's failure to secure discovery or subpoena witnesses. As we cannot discern any comments about those contentions in the PCR judge's otherwise comprehensive opinion, we are constrained to remand the matter for a determination of those issues.

Affirmed in part; vacated and remanded in part for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION